CLARENCE BURGIN & another, trustees, *vs.* MERCY L.
PATCH & others.

Norfolk.　April 9, 1942. — October 27, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Trust,* Express trust: construction; Income beneficiary; Use of princi-
pal. *Devise and Legacy,* Extrinsic evidence affecting construction,
Income beneficiary, Use of principal. *Probate Court,* Findings by
judge, Appeal. *Words,* "Income."

Upon an appeal from a decree of a Probate Court, without a report of
the evidence or of material facts found, respecting a will which showed
a primary intention of the testator that his wife should have $5,000 a
year to live on for life and contained a provision that trustees should
pay her out of the "net income . . . a sum of money which, with the
income upon her own property, shall equal" $5,000 per year, but on
its face left in doubt what the testator meant by the words "net
income," a construction placed on the will by the decree that, if the
income from the trust together with the income from the wife's own
property was inadequate to provide her a total of $5,000 yearly,
recourse might be had to the principal of the trust to meet the de-
ficiency, must stand since it was permissible on the language of the
will interpreted in the light of facts which might have been found by
the court as to circumstances known to the testator when he executed
it, and it must be assumed on the record that the court found all facts
essential to the entry of the decree.

PETITION, filed in the Probate Court for the county of
Norfolk May 23, 1941, for instructions.

From a decree entered after a hearing by *Reynolds, J.,*
certain respondents appealed.

*A. I. Burgess,* stated the case.

*J. H. Ramsey,* for the respondent Elinor M. Way Evans.

*T. J. Hayes,* for the respondent John M. Way.

*W. S. Pinkham,* for the respondent Mercy L. Patch.

DOLAN, J. This is a petition in equity in which the peti-
tioners, as they are the trustees under the will of Frank S.
Patch, late of Quincy, deceased, seek instructions with rela-
tion to their duties in connection with the provisions of the
will directing certain payments to be made to his widow,

the respondent Mercy L. Patch, during her life. The case comes before us upon the appeal of certain respondents, for whom provisions are made after the testator's widow shall have deceased.

A guardian ad litem was appointed to represent "persons unborn or unascertained who are or may become interested" in the subject matter of the petition. He filed no answer but did file a report. He has not appealed from the decree entered by the judge. The appellants are John M. Way, a nephew, and Elinor M. Way Evans, a niece, of the testator.

Material allegations of the petition follow. The testator died on August 12, 1927. His will, dated November 7, 1923, was duly proved and allowed, and the petitioners qualified as the trustees named therein on November 5, 1928. The trust estate was then valued at about $50,000, approximately $39,000 of which consisted of personal property and the balance of real estate. The principal of the trust estate is now valued at $57,087.01. The income of the trust estate has never been adequate to pay the widow of the testator "the sum bequeathed, and the trustees are compelled to resort to the principal as appears by . . . [their] various accounts filed and allowed herein." The income from the trust estate "is and will be inadequate to pay an amount of $5,000 as directed by the will to the widow . . . [and the] trustees are uncertain whether the will contemplates a continued and indefinite use of principal to supply any deficiency of income so that . . . payments to . . . [her] can be made in full for her life or whether . . . [they should] conserve the remaining principal of the trust property, using only the income thereof to apply towards the payment of the said $5,000." The prayers of the petition were for instructions as to the duties of the trustees in the premises. A copy of the will is annexed to the petition.

Under clause 3 (a) of the will the testator gave and devised the residue of his estate in trust to "pay over the net income thereof" as follows: "Said Trustees shall pay out of said net income to my wife, Mercy L. Patch, during her natural life a sum of money which, with the income upon her own property, shall equal five thousand dollars per year.

Said trustees shall make payments to my said wife out of said net income at such times and in such manner as in their judgment will be for her best interest and for the best interest of the trust estate. In determining the amount of the net income to be paid to my said wife in each year said trustees shall accept her statement of the amount of income which she receives from her own personal property, it being my desire and intention that my said wife shall have a total income of five thousand dollars per year during her natural life." The will further provides that, upon the death of the wife of the testator, the trustees may use such part of the net income of the trust estate as they deem advisable for the support of her father and mother, the balance of net income to be paid over at such time or times and in such amounts as the trustees deem advisable in their discretion to John M. and Elinor M. Way, children of the testator's deceased sister. Under the terms of the will, after the death of the testator's wife and of her father and mother, provisions are made for the payment of the whole or any part of the income for the benefit of the testator's nephew and niece, already named. Those provisions are followed (clause 3 [d]) by directions for payments of principal to the testator's nephew and niece at certain times; the trust to terminate in certain circumstances when both of them should have attained the age of thirty-five years. There are other provisions (clause 3 [e]) for distribution of the trust estate should both of them die before they would otherwise have become entitled to receive the whole or any part of the principal of the trust estate.

The record does not disclose what the amount of income from the trust estate is, nor what, if any, income the widow has from "her own personal property," nor does it disclose what the financial status of the testator and his wife was when the will was executed. The evidence is not reported; and the judge made no report of material facts, but merely entered a decree instructing the petitioners as follows: "The net income of the trust estate is primarily liable for the yearly payments to the life tenant, Mercy L. Patch, widow of the testator, but if the income from said trust

together with the income from Mercy L. Patch's own property is inadequate to provide her a total income to the amount of five thousand (5000) dollars yearly, then recourse may be made to the principal of said trust estate to meet the said deficiency."

The respondents properly have not argued any issues of fact raised by their answers but, stressing the use of the words "net income" and "income" in the various provisions of the will concerning the trust estate, have argued solely that it was the intention of the testator that the principal of the trust estate should be preserved intact until the time or times fixed for the distribution of principal in whole or in part, and that he did not intend that his widow should have any payments from the trust estate other than those to be made from its net income.

An examination of the will, however, discloses that the testator did not always use the word "income" as excluding principal. In the introductory phrase of clause 3 the testator provides for a distribution of the net income, but in paragraphs (d) and (e) of the clause he disposes of principal. In the first sentence of paragraph (a) of clause 3, the "net income" obviously is that of the trust derived from the principal, and later the reference is to income of the wife of the testator from her own property. In neither of these places could "income" be construed properly so as to include the proceeds resulting from a sale of principal. But we think that the reference to a total income of $5,000 a year must be looked at with respect to the position of the testator's widow, that the amount fixed is the amount she is to receive, that is, her gain each year, and that the expression by the testator of an intention that his widow should have an "income" of $5,000 does not necessarily mean that such income should come solely from the income of the trust and the income of her own property.

There is nothing inconsistent with this conclusion in the gifts over provided for by the testator. They were intended to apply to the fund in the hands of the trustees with any accumulations — that is, to dispose of everything not otherwise disposed of. And the phrase under discussion seems

to indicate that the testator intended that his wife should have $5,000 a year to live on. That was his primary intention. His first thought in disposing of his estate was apparently for his wife. No other beneficiaries stood to him in such a relation that he can be said to have had a special intention to keep the fund intact for them, as against the primary claim of his wife, provisions for whom are preferred as matter of law. *Pope* v. *Pope,* 209 Mass. 432. *Moore* v. *Alden,* 80 Maine, 301. *Moffett* v. *Elmendorf,* 152 N. Y. 475, 487. *Merriam* v. *Merriam,* 80 Minn. 254.

The case viewed from the terms of the will alone is not altogether free from difficulty. Much light could perhaps be thrown upon the intent of the testator by the circumstances known to him at the time of its execution, which under the familiar rule are proper to be considered. *Ware* v. *Minot,* 202 Mass. 512, 516. *Boston Safe Deposit & Trust Co.* v. *Park,* 307 Mass. 255, 259. *Fitts* v. *Powell,* 307 Mass. 449, 454. In the instant case, as before noted, the evidence is not reported and the judge made no report of material facts; but the circumstances known to the testator when he executed the will may have been shown at the hearing before the judge. We must assume that he found all the facts essential to the entry of the decree. *Smith* v. *Townsend,* 109 Mass. 500. *Brogna* v. *Commissioner of Banks,* 248 Mass. 241, 243. *Cohn* v. *Cohn,* 310 Mass. 126, 130. If, in fact, at the time that the will was executed the testator's income and that of his wife from her own property aggregated less than $5,000 or were even close to that amount, and there was considerable doubt whether the income of both would produce that sum, there would be reason to think that he intended her to have so much of the principal of the trust estate as together with the income therefrom and the income from her own property would yield her that sum annually. Such may have been the facts known to the testator when he made his will, and we cannot say that such facts may not have been adduced in evidence before the judge of probate.

We are of opinion that the language of the will is such that it could rightly have been interpreted, in the light of

circumstances known to the testator when he executed it, which the judge may have found, as meaning that his wife was to have total income or receipts of $5,000 a year from the income from the trust estate and from her own property, and, if that did not suffice, that the deficit should be made up out of the principal of the trust estate. Of course, if the will was so clear on its face as to its meaning that no evidence of circumstances could change that meaning, such evidence would be without effect. In the instant case we think that it cannot be said that the will is so clear on its face that evidence of the circumstances known to the testator at the time of its execution would have no effect. The interpretation placed upon the will by the judge was not an unreasonable one, and may have been based in part upon and supported by competent evidence presented at the hearing before him.

The decree entered in the Probate Court is affirmed, and costs and expenses of this appeal may be allowed the respondents or their counsel in the discretion of that court.

*Ordered accordingly.*