WILLIAM D. McKELLAR *vs.* GERTRUDE RAE HAZEN, administratrix.

Suffolk. February 8, 1950. — May 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Contract,* What constitutes, Oral contract. *Evidence,* Presumptions and burden of proof. *Equity Pleading and Practice,* Appeal.

Error in the denial of a motion to dismiss an appeal in a suit in equity was not shown by the mere fact that the appellant did not file a voluminous transcript of the evidence and order the preparation of the record until about three and one half months after claiming the appeal.

A finding by the trial judge in a suit in equity, negativing the existence of a certain oral contract which the plaintiff alleged he made with the defendant in a conversation when they were alone, was not shown to be plainly wrong by the mere fact that the plaintiff's testimony as to such conversation was corroborated and uncontradicted, or by the mere fact that the judge stated in his findings that he had disregarded certain testimony offered by the defendant "as affecting the credibility of plaintiff's testimony, to the extent as the same was introduced to affect credibility of plaintiff's testimony in such respects."

BILL IN EQUITY, filed in the Superior Court on November 19, 1947.

The suit was heard by *Warner,* J. A final decree dismissing the bill was entered, and the plaintiff appealed. A motion by the defendant to dismiss the appeal was denied by *Good,* J.

*W. S. McCallum,* (*V. R. Brogna* with him,) for the plaintiff.

*J. H. Devine,* (*G. V. Mottla* with him,) for the defendant.

COUNIHAN, J. In this suit the plaintiff alleges that on or about September 1, 1935, he entered into an oral agreement with Robert M. Pitt, Junior, now deceased, hereinafter referred to as the decedent, who was then the owner of substantially all of the capital stock of Robert M. Pitt Company, Incorporated, hereinafter referred to as the corporation. The plaintiff asserted that the agreement was based

upon the following conversation between the plaintiff and the decedent: The decedent said, "Bill, my company, like many others in the wool business, has lost practically all its capital the last two years. If you will join me as a partner, between us, we will be able to rebuild this company. . . . If you will come in as my partner, I will arrange to give you a guaranteed drawing account of not less than eight thousand per annum, to be increased as the assets of the business will permit. I will also give you one third interest in the company. . . . If you decide to join me, which I hope you will do, I will arrange to give you one third of all the outstanding stock. . . . I will make a transfer of this one third of the stock to you within a short time, within a week or two after certain details have been taken care of." The plaintiff replied, "I will go along with you under those conditions." The decedent died, testate, on February 7, 1947, never having delivered any of the capital stock of the corporation to the plaintiff, who asserted that he frequently made demands on the decedent that he deliver such stock to him.

This suit for specific performance of this agreement was brought on November 19, 1947, originally against one Johnson, the executor under the will of the decedent. Johnson was later removed as executor, and Gertrude Rae Hazen was appointed administratrix with the will annexed of the estate and subsequently by amendment was made a party defendant. The bill by agreement was then dismissed against Johnson. The suit was heard by a judge who dismissed the bill, and the plaintiff appealed. The evidence is reported. The judge made a "Narrative; Findings and Order," which we shall treat as a report of material facts.

In substance the judge found that the corporation was organized on January 23, 1923, and was engaged in the wool business in Boston from then until after the death of the decedent; that its capital stock consisted of five hundred shares of class B common voting stock and two hundred eighty-five shares of class A common nonvoting stock; that the decedent on September 1, 1935, owned all of the capital

stock except eighty-three shares of class A stock which he acquired in January, 1936; that on or about September 1, 1935, the plaintiff and the decedent had a conversation at which no one else was present; "that, in consequence of such conversation, the plaintiff began forthwith to perform services in the furtherance of the affairs of the corporation, and, from said September 1, 1935, to February 7, 1947, devoted his entire time, energy, ability and best efforts to such furtherance"; that the plaintiff was elected a director of the corporation in 1938 and continued as such until after the death of the decedent. There was no dispute that the plaintiff received a substantial salary or drawing account and large bonuses for his services.

1. The decree dismissing the bill was entered on February 11, 1949, and the plaintiff's appeal was filed on February 21, 1949. On June 3, 1949, the defendant filed a motion to dismiss the appeal for failure to comply with the provisions of G. L. (Ter. Ed.) c. 231, § 135, as amended. The plaintiff on June 6, 1949, filed with the clerk the transcript of the evidence and an order in writing to prepare the record for entry in this court. After a hearing by another judge the motion to dismiss the appeal was denied. At the request of the defendant the judge made an "order on request for a report of material facts" as follows: "The motion to dismiss the appeal of the plaintiff from the final decree was heard by me on oral arguments of counsel. No testimony was introduced before me at said hearing. In so far as material, I find that the transcript of the testimony was filed in the clerk's office on June 6, 1949, and that on the said date the plaintiff filed a written order with the clerk to prepare the record for transmission to the Supreme Judicial Court."

From the denial of the motion to dismiss the appeal the defendant claimed exception and also appealed.

As the same question is raised by the appeal as by the exception, we shall consider it as an appeal from an interlocutory decree and dismiss the exception. *Caissie* v. *Cambridge,* 317 Mass. 346, 347.

We shall first deal with the denial of the motion to dismiss the plaintiff's appeal. "Under the practice existing immediately prior to the" amendment of § 135 of G. L. c. 231 by St. 1931, c. 219, "the clerk had the duty of procuring the transcript of evidence. . . . By that statute, the clerk was relieved of that duty, and by implication it was put upon the appellant, who became bound to use reasonable diligence . . . . The facts actually found as to the diligence of the appellants do not appear. In the absence of contrary findings, the denial of the motions to dismiss imports a finding of all subsidiary facts necessary to justify the action taken." *Trade Mutual Liability Ins. Co. v. Peters,* 291 Mass. 79, 84–85. This principle is applicable here. The report of material facts discloses that no testimony was introduced at the hearing on the motion and that it was heard on oral arguments of counsel. The judge found that the transcript of evidence and a written order for preparation of the record were filed on June 6, 1949. While this was more than three and one half months after the final decree, it does not seem an unreasonable delay, particularly in view of the fact that the transcript took over eight hundred pages of the printed record. It could well be that the delay was caused by the reasonable time necessary for the stenographer to prepare a transcript of this size, and the judge could have so determined. There was no error in denying the defendant's motion to dismiss the plaintiff's appeal.

2. We also think there was no error in the entry of a decree dismissing the bill. The plaintiff contends that the situation here presents a novel issue which has never been passed on by this court, because there was only one witness (the plaintiff) to the oral agreement and his testimony was not contradicted by any other witness. The fact that this testimony was corroborated by other witnesses and written evidence, as contended by the plaintiff, does not necessarily entitle him to prevail. True, there was testimony that the decedent referred to the plaintiff as a partner, and there was testimony that at least two other persons were present when the decedent made statements in the nature of admissions

in answer to the plaintiff's demands for the delivery of the stock, but the fact that the plaintiff and the decedent were alone when the alleged agreement was made precluded the production of any witnesses to testify what then took place. There may be some significance in the fact that no suit was brought until after the death of the decedent. There was also testimony under direct and cross-examination from an attorney for the defendant, who was called as a witness by the plaintiff, which to say the least was damaging to the plaintiff's claims.

The plaintiff relies also upon certain subsidiary findings of the judge to the effect that the decedent never denied the conversation upon which the alleged agreement was based and that the decedent never denied that demands were made upon him by the plaintiff for the transfer of the stock. These findings have no value for if no such agreement ever existed, as the judge ultimately found, there would be no occasion for any such denials. The plaintiff likewise stresses a finding of the judge that he disregarded certain testimony offered by the defendant "as affecting the credibility of plaintiff's testimony, to the extent as the same was introduced to affect credibility of plaintiff's testimony in such respects." He contends that this finding places the seal of approval on the veracity of the plaintiff and that, having so found, the judge was obliged to believe his testimony in all respects. We do not agree with this contention for we believe that, if the finding of the judge meant anything, it only referred to certain testimony introduced specially to affect the credibility of the plaintiff and not to the entire testimony at the trial.

The judge made a specific finding which required a decree dismissing the bill. He found "that the decedent did not agree with plaintiff 'to assign, set over and transfer and deliver to plaintiff one third of all and every of the stock of said corporation, viz., 166⅔ shares of its class B common voting stock and 95 shares of its class A common non-voting stock.'" None of the subsidiary findings was inconsistent with this ultimate finding which, after a thorough exami-

nation of the evidence, we cannot say was plainly wrong. It is so well established as to hardly need repeating that while in an equity appeal where the evidence is reported, all questions of fact, discretion and law are open, the findings of the trial judge made on oral testimony will not be reversed unless plainly wrong. *Berman* v. *Coakley,* 257 Mass. 159, 162. *Barnum* v. *Fay,* 320 Mass. 177, 180. *American Employers' Ins. Co.* v. *Webster,* 322 Mass. 161, 163.

Since the judge was correct in dismissing the bill on the facts found by him, we need not consider the other defences to the bill set up by the defendant.

The plaintiff did not argue his exceptions to the admission and exclusion of evidence and we consider them waived. The entry should be

> *Exceptions dismissed.*
> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs.*