Lee M. Friedman & others *vs.* Gertrude Rae Hazen,
administratrix
(and a companion case[1]).

Suffolk.    December 3, 4, 1951. — January 4, 1952.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Spalding, JJ.

*Executor and Administrator*, Compensation, Attorney.    *Attorney at Law.*

An allowance made by a judge of probate to one for services as special
   administrator and executor did not appear to be plainly wrong on the
   evidence, although he had been removed as executor because his
   attitude respecting litigation against the estate and toward the bene-
   ficiary thereof was inconsistent with the position which should be
   maintained by an executor.
Error appeared in the circumstances in an allowance of counsel fees for
   services in defending an executor in a proceeding for his removal
   resulting from an attitude on his part inconsistent with the position
   which should be maintained by an executor.

Two petitions, filed in the Probate Court for the county
of Suffolk on November 15, 1949.

The cases were heard by *Dillon, J.*

*J. H. Devine,* (*G. V. Mottla* with him,) for the respondent.

*Lee M. Friedman,* (*F. L. Kozol & T. D. Burns* with him,)
for the petitioners.

Wilkins, J.    These are two petitions, one for payment
for legal services, and the other for payment for services
as special administrator and as executor, brought against
the administratrix de bonis non cum testamento annexo
of the estate of Robert M. Pitt, Junior.    G. L. (Ter. Ed.)
c. 206, § 16, as appearing in St. 1949, c. 140; c. 215, § 39,
§39A, inserted by St. 1947, c. 536.    In each case there was
a decree for the petitioner from which the respondent
appealed.    There is no report by the judge of the material

---

[1] The companion case is a petition by Henry F. Johnson against the same
respondent.

facts found by him. The evidence is reported. *Slater* v. *Munroe*, 313 Mass. 538, 540. *New England Trust Co.* v. *Commissioner of Corporations & Taxation*, 315 Mass. 639, 643–644. *Knapp* v. *Graham*, 320 Mass. 50, 53.

Robert M. Pitt, Junior, late of Boston, died on February 7, 1947. The petitioner Johnson was appointed special administrator on March 4, 1947, and executor on May 13, 1947. The sole beneficiary of the estate is the respondent Hazen, a former employee of Robert M. Pitt Company, Incorporated, a corporation, in which Pitt was the sole stockholder. The stock in the Pitt company was the only asset of importance in the estate, and was appraised at $141,836 in the inventory, totaling $143,827.38.

Johnson had been employed for about twenty-five years by the Pitt company, which engaged in the business of wool and commission merchants. Another employee, and a director, was one McKellar, who in November, 1947, commenced a suit in equity against Johnson, as executor, seeking to enforce an alleged oral agreement by the testator to give McKellar one third of the capital stock of the Pitt company. *McKellar* v. *Hazen*, 325 Mass. 714. This led, on March 2, 1948, to the filing by Hazen of a petition for the removal of Johnson, as executor, upon which, after hearing, a decree of removal was entered on June 9, 1948.

In a report of the material facts found by the judge in the removal matter appears the following. Johnson entered upon his duties as executor "without prejudice and with a desire to carry out the wishes of the testator as expressed in his will." Johnson and McKellar had been friends for years, and at the time of the removal hearing worked in the same room and consulted with each other practically every day. The position in the Pitt company of McKellar "is a dominant one to that of the said Johnson." At the time of the removal hearing Johnson had conferred with McKellar in relation to the latter's suit and had discussed with him the type of answers he should make to interrogatories filed by McKellar in that suit. On several occasions

Johnson expressed an opinion that the McKellar claim should be adjusted. The cordial relationship once obtaining between Hazen and Johnson became strained after the bringing of the McKellar suit. The attitude of the executor became one of noncoöperation with the sole beneficiary. "I find that the position of the executor, due to said pending litigation, conflicts with a desire to be of assistance to his friend McKellar and has given rise to an antagonistic attitude toward the sole beneficiary of the said estate. This has resulted in proceedings which are expensive and not of benefit to the estate. I find that his attitude is inconsistent with the position that should be maintained by a fiduciary appointed by this court to carry on the duties incumbent upon an executor of a will."

Johnson in his petition for services as special administrator and as executor asked for a payment of $20,000. The decree awarded him $6,500. It does not appear that any allowance was made for time spent in resisting the removal petition. The testimony does not disclose that any such allowance was sought. Nor can it be said that the judge was plainly wrong in failing to find that Johnson's services as fiduciary conferred no substantial benefit upon the estate, or that if they did, a forfeiture should be imposed upon him because the value of such services was more than offset by his other conduct. See *Wiley* v. *Fuller*, 310 Mass. 597, 602. No advantage would accrue from prolonged discussion. An examination of the testimony does not convince us that the judge was plainly wrong. *McMahon* v. *Krapf*, 323 Mass. 118, 124.

There appears, however, to have been error in the allowance for attorneys' fees. The petition sought the payment of $5,000 and expenses, and the decree awarded the full amount. The testimony discloses that compensation was sought, in part, for services in defending Johnson in the removal proceedings. Since the judge there found that the executor's position of antagonism had resulted in expensive proceedings not of benefit to the estate, it was error to make an allowance to Johnson's attorneys for services in

that matter.  *Bogle* v. *Bogle*, 3 Allen, 158, 161.  *Blake* v. *Pegram*, 109 Mass. 541, 558.  *Urann* v. *Coates*, 117 Mass. 41, 44.  *Comstock* v. *Bowles*, 295 Mass. 250, 263.  See *Miller* v. *Stern*, 326 Mass. 296.

We are unable to determine upon this record what allowance was made for such legal services or how much was or should have been allowed for other services rendered by Johnson's attorneys.

In the petition for payment for services as special administrator and as executor, the decree is affirmed.  In the petition for payment for legal services, the decree is reversed.

*So ordered.*