HENRY F. JOHNSON *vs.* GERTRUDE RAE HAZEN,
administratrix.

Suffolk.  January 3, 1956. — March 2, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Interest. Probate Court,* Decree, Interest, Appeal. *Judgment.*

A decree of a Probate Court making an award to one for services as
    special administrator and executor was a judgment for the payment
    of money within G. L. (Ter. Ed.) c. 235, § 8, and he was entitled to
    interest on the award from the date of the decree. [638–640]
Upon an appeal by a petitioner from a decree of a Probate Court denying
    him interest on an award made for services as special administrator
    and executor, this court reversed the decree and ordered entry of a new
    decree granting the petitioner interest where, although there was no
    report of the evidence or of material facts found, it was apparent that
    the judge of probate in denying interest acted upon an erroneous con-
    ception of law. [640]

PETITION, filed in the Probate Court for the county of
Suffolk on February 9, 1955.

The petitioner appealed from a decree entered after hear-
ing by *Mahoney,* J.

*Lee M. Friedman,* for the petitioner.

*John H. Devine,* for the respondent.

COUNIHAN, J.  This is an appeal by Henry F. Johnson
from a decree of the Probate Court entered upon a petition
filed by him against the respondent in circumstances which
shall hereinafter appear.  This litigation grows out of a long
drawn out controversy which arose after the death of Robert
M. Pitt, Junior, late of Boston, and during the administra-
tion of his estate.  Other litigation involving various aspects
of the controversy has been before us on three previous
occasions, *McKellar* v. *Hazen,* 325 Mass. 714, *Friedman* v.
*Hazen,* 328 Mass. 233, and *Beacon Wool Corp.* v. *Johnson,*
331 Mass. 274.

The following is a summary of the facts leading up to this appeal. Pitt, who was the owner of all of the capital stock of the Beacon Wool Corporation, with the petitioner Johnson and one McKellar constituted the board of directors of that corporation. Pitt died on February 7, 1947, leaving a will. Johnson on March 4, 1947, was appointed special administrator of the estate of Pitt and on May 13, 1947, was appointed executor of his will in which the respondent Hazen was named sole beneficiary. Sometime thereafter trouble developed between Johnson and Hazen because of the suit brought by McKellar. As a result on March 2, 1948, Hazen filed a petition for the removal of Johnson as executor. After hearing Johnson was removed as executor and Hazen was appointed administratrix de bonis non cum testamento annexo of the estate of Pitt.

Subsequently Johnson filed in the Probate Court a petition for an allowance for his services as special administrator and executor. On April 25, 1950, a decree was entered by a judge of that court now deceased ordering Hazen as administratrix with the will annexed of Pitt to pay the sum of $6,500 to said Johnson for services rendered in connection with said estate. Hazen appealed from that decree to this court and by rescript dated January 4, 1952, the decree was affirmed. 328 Mass. 233.

Thereafter on May 24, 1954, Hazen as said administratrix petitioned the Probate Court for a bill of review to modify or revoke the decree of April 25, 1950. On November 26, 1954, that petition was dismissed and Hazen appealed to this court. On February 14, 1955, that appeal was withdrawn by Hazen. On February 9, 1955, Johnson filed another petition in the Probate Court praying that an order and execution be granted him against the estate of Pitt for the sum of $6,500 with interest from April 25, 1950, and costs. On this petition on March 10, 1955, the following decree was entered by another judge of the Probate Court, "After hearing, execution to issue in the sum of $6,500, without costs, expenses or interest." An appeal by Johnson from this decree brings the matter before us.

The record contains a copy of this last petition of Johnson and the decree thereon, and copies of several other petitions and decrees to which we have referred. There is no report of the evidence (if indeed any was heard) and there is no report of material facts by the judge. The sole issue before us is whether the judge was wrong in refusing to allow interest on the award of $6,500 to Johnson from April 25, 1950.

Johnson in support of his contention that he is entitled to interest relies in large measure upon G. L. (Ter. Ed.) c. 235, § 8, which reads, "When judgment is made up upon an award of county commissioners, a committee or referees, or upon the report of an auditor or master in chancery, or upon the verdict of a jury or the finding of a justice, interest shall be computed upon the amount of the award, report, verdict or finding, from the time when made to the time of making up the judgment. Every judgment for the payment of money shall bear interest from the day of its rendition. The warrant or execution issued on a judgment for the payment of money shall specify the day upon which judgment is rendered, and shall require the collection or satisfaction thereof with interest from the day of its rendition."

It is well established that an equity decree for the payment of money is a judgment made upon a finding of a judge and thus bears interest from the date of the judgment or award to the date the judgment is satisfied. In *East Tennessee Land Co.* v. *Leeson*, 185 Mass. 4, it was said, "By R. L. c. 177, § 8 [a predecessor of G. L. (Ter. Ed.) c. 235, § 8], a judgment bears interest from its date although the amount of the judgment in part is made up of interest. The same rule applies to a decree in equity." In *Hobbs* v. *Cunningham*, 273 Mass. 529, at page 536, it was said, "It is unnecessary in opinion or rescript to insert any reference to interest. Interest follows on the principal up to the date of decree after rescript from simple affirmance of the decree. The same rule applies in equity as at law." *Boyer* v. *Bowles*, 316 Mass. 90, 95. *New England Factors, Inc.* v. *Genstil*, 322 Mass. 36, 46.

No case in Massachusetts has been brought to our atten-

tion and we have found none where the precise issue involved in the case at bar has been squarely decided. We think, however, on reason and logic that the practice in the Probate Court in the circumstances here present should follow general equity practice, where interest on awards similar to the one under consideration has been allowed.

Courts in several other jurisdictions have had occasion to consider statutes similar to c. 235, § 8, in connection with probate decrees. In *Shofner* v. *Jones*, 201 Ark. 540, it was held that an order of the Probate Court allowing a claim against an estate rises to the dignity of a judgment. Likewise it is widely held that a decree for alimony becomes a judgment which draws interest from the date it is entered to the time of its satisfaction. *Huellmantel* v. *Huellmantel*, 124 Cal. 583, 589. *Wadler* v. *Wadler*, 325 Ill. App. 83, 90. *Winemiller* v. *Winemiller*, 114 Ind. 540, 542. *Bickle* v. *Bickle*, 196 Minn. 392, 394–395. *Matter of Glickman*, 132 Misc. (N. Y.) 785, 786. *Wright* v. *Wright*, 139 Misc. (N. Y.) 423. In *Bickle* v. *Bickle, supra,* the court said, "Under statutes allowing interest on a money judgment, such as we have in this state, interest is allowed on a judgment for alimony. . . . To withhold the use of the money for the period of a year or more and then to deprive the prevailing party of interest on the judgment would be to lessen the amount of the award."

The case of *O'Shea* v. *Barry*, 252 Mass. 510, relied upon by the respondent, is not in point. That case involved a finding by a master upon an accounting as to the amount of money due the estate from an executor. The Probate Court allowed interest on the amount the master found chargeable to the executor. Upon appeal this court held that an executor or administrator is not chargeable with interest on the money of the estate in his hands, unless he has received interest thereon, or put it to some profitable use, or unreasonably detained it. It is significant, however, that at page 512 it was said, "The statute in question [c. 235, § 8] provides for the computation of interest only in cases where a judgment is entered upon an award. A decree allowing

an account of an executor or administrator is not such a judgment . . . ."

We are of opinion as matter of law that the award of $6,500 to Johnson was a judgment and that he is entitled to recover interest on it from April 25, 1950, the date it was entered.

The respondent contends that even if G. L. (Ter. Ed.) c. 235, § 8, applies, this court cannot reverse the decree because, where the evidence is not reported and there is no report of material facts, we must assume that the judge found all facts essential to the entry of the decree. *Burgin* v. *Patch*, 312 Mass. 219, 223. Undoubtedly this rule is correct but it is usually limited to cases where the decree is within the scope of the pleadings. In the case at bar there were no pleadings in the record relative to the issue before us other than the petition of Johnson. While the copy of the docket entries discloses that the respondent filed an answer to this petition the record does not disclose the form or content of such answer so that we are unaware of what matters the respondent set up by way of answer. We are therefore of opinion that the judge in denying interest on the award acted upon an erroneous conception of law. The decree is reversed and a new decree is to be entered conformable to this opinion.

*So ordered.*