EAST TENNESSEE LAND COMPANY *vs.* JOSEPH R. LEESON.
SAME *vs.* JOHN HOPEWELL, JR.

Suffolk.    December 8, 1903. — January 7, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Pleading and Practice,* Decree.   *Interest.*

A sum of money ordered by a decree in equity to be paid as damages bears interest
from the date of the decree although the amount in part is made up of interest.
A decree in equity will not be set aside for a defect in form in not stating the
amount of the costs.

TWO BILLS IN EQUITY, filed May 31, 1895, to recover alleged secret profits of the defendants as promoters and directors of the plaintiff, a corporation organized under the laws of the State of Tennessee, before this court at previous stages as reported in 176 Mass. 310, 178 Mass. 206, and 183 Mass. 37.

At its present stage the case came up by appeals of the two defendants from final decrees of the Superior Court, each of which was as follows: " This cause came on to be further heard at this sitting after rescript of the Supreme Judicial Court affirming the decree of this court herein; and thereupon, and in accordance with said rescript, counsel for the defendant being present, it is ordered, adjudged and decreed that the decree heretofore entered herein be affirmed and that the defendant pay the plaintiff the sum of $38,339.25 damages, with $200 costs of suit as taxed to the date of said decree as fixed by said decree, together with the plaintiff's further costs upon this appeal to be taxed by the clerk, together with interest on said decree from the date thereof, and that execution may issue therefor.   By the Court, Henry E. Bellew, Assistant Clerk, March 5, 1903."

*G. F. Ordway,* (*I. R. Clark* with him,) for the defendants.

*W. H. Russell,* (of New York,) for the plaintiff.

LORING, J.   This is a frivolous appeal.

1. By R. L. c. 177, § 8, a judgment bears interest from its date although the amount of the judgment in part is made up of interest.   The same rule applies to a decree in equity.

2. The filing of the intervening petition by the receiver did not .prevent the entry of a final decree. By taking a final decree in these suits the receiver, who is prosecuting them in the name of the East Tennessee Land Company abandoned his intervening petition. He had a right to do so. The cases cited by the appellant as to when a case is ripe for judgment under a rule of court allowing judgment to be entered up as of course have nothing to do with this case.

3. The restraining orders printed as part of the record in these suits did not prevent the entry of a final decree. These orders recite that the two suits now before us are pending, and that decrees for the payment of $38,339.25 have been entered in each of them in favor of the plaintiff, from which decrees appeals have been taken; they then recite that "the proceeds of said decrees, if the same are affirmed, will be a fund out of which the several plaintiffs herein claim that their demands against said East Tennessee Land Company should be paid," and that the "parties plaintiff in these suits, and the said East Tennessee Land Company and its receiver, desire the immediate collection of said decrees, if they be affirmed"; and thereupon it is ordered that no compromise of the suits now before us shall be made without the authority of the court entering the restraining order, and "if said decrees be affirmed by the said Supreme Judicial Court as against said Leeson and Hopewell for the said sums or for any sums, and if execution shall be awarded upon said decrees, then, in the event of the payment of said amounts by the said Leeson or the said Hopewell, either with or without execution, the same shall be collected by and paid into the hands of Henry E. Bellew, one of the assistant clerks of this court, as receiver of said funds."

It is manifest that the order was made in another suit or in other suits, and was filed in this suit by mistake or to charge the plaintiff with notice that this order had been made in the other suit. It was not the determination of any issue raised in these suits.

4. It is true that the restraining order is not well drawn. It provides that in case the decrees are affirmed and execution issues, then in the event of payment with or without execution, the same shall be collected by the receiver. If there is any doubt whether under that order payment can be made without execu-

tion being taken out, or if there is any doubt whether payment can be made in accordance with the execution to the plaintiff in these suits, the remedy of the defendants is to apply in those suits for a modification of the restraining order. The final decree entered in the suits now before us disposed of all issues raised by the plaintiff or defendants not abandoned by them.

5. As matter of form the amount of costs should have been stated in the decree. But the decree will not be set aside for a mere matter of form.

The entry must be

> *Decree affirmed with double costs and interest at the rate of twelve per cent per annum, from the date when the appeal now before this court was taken.*