DORIS HORNE & others *vs.* BOSTON REDEVELOPMENT AUTHORITY.

Suffolk. October 8, 1970. — December 30, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Eminent Domain*, Interest. *Practice, Civil*, Interest, Eminent domain proceeding. *Interest*.

An offer of payment pro tanto under G. L. c. 79, § 8A, as appearing in St. 1959, c. 626, § 3, on account of the damages for a taking by eminent domain was not required to include interest on the amount of the offer [464]; nor was the offer, which was not accepted by the persons entitled to damages, invalid because it was not followed by a tender of the amount offered [465].

Under G. L. c. 79, § 8A, as appearing in St. 1959, c. 626, § 3, a pro tanto offer of payment on account of the damages for a taking by eminent domain of land, one owner of which was "Cynthia R. Horne, a minor," and another owner of which was Doris Horne, her mother, was not invalid in the circumstances in that it was addressed in part to "Doris Horne, Individually and as mother and next friend of Doris Horne, a minor." [464]

PETITION filed in the Superior Court on September 12, 1962.

The case was tried before *Goldberg, J.*

*Gregory Sullivan (Leonard Poretsky* with him) for the petitioners.

*William J. O'Neill, Jr., & Avram G. Hammer,* for the respondent, submitted a brief.

SPIEGEL, J. This is a petition for assessment of damages under G. L. c. 79. On October 26, 1966, the jury returned a verdict for the petitioners in the amount of $51,800. On December 2, 1966, the petitioners filed a motion for an order instructing the clerk to compute interest on that verdict at the rate of four per cent per annum from October 25, 1961, the date of the taking. The trial judge heard the motion and "found and ruled" as follows: "Respondent made a valid pro tanto offer to the petitioners on November 28, 1962 in the amount of $37,266.32 . . .. The Clerk is directed to compute interest accordingly." The case is here on the petitioners' exceptions to "this ruling and finding."

The sole issue before us is whether "the petitioners [are] entitled to receive interest . . . [on the entire verdict] from October 25, 1961, the date of taking" or whether the payment of interest was stayed by a valid pro tanto offer.

We state the relevant evidence. At the hearing on the motion a document [1] (in duplicate) dated November 28, 1962, and addressed to "Gladys Green and Doris Horne, Individually and as mother and next friend of Doris Horne, a minor" in care of their attorney, was introduced in evidence. Accompanying this document was a letter addressed to the petitioners' attorney which read as follows: "In accordance with our telephone conversation of this date, enclosed please find pro tanto offer . . .. This offer duplicates our offer of March 24, 1962, addressed to the Estate of Elmer Horne, 152 Blackstone Street, Boston." [2] The petitioners' attorney testified that the document first came to

---

[1] See copy herewith.

[2] The offer "to the Estate of Elmer Horne" is not before us as an exhibit. The petitioner Doris Horne was administratrix of the estate of Elmer Horne. Her petition for administration of the estate showed that she is the widow of Elmer Horne and that Gladys Green and Cynthia R. Horne, a minor, are the daughters of Elmer Horne.

BOSTON REDEVELOPMENT AUTHORITY

Date: __November 28, 1962__

Project: __Government Center__

Gladys Green and Doris Horne;
Individually and as mother and next
friend of Doris Horne, a minor

Re: __150-158 Blackstone Street__
Address

c/o Leonard Poretsky, Esquire
6 Beacon Street
Boston: 8, Massachusetts

__43-2__
Parcel Number

Dear Madam:

The Boston Redevelopment Authority hereby offers to make settlement in the amount of $37,266.32 under the provisions and terms of Section 8A of Chapter 79 of the General Laws, in payment of damages for the taking of the above real estate from you.

| | | |
|---|---|---|
| Damages | $ | 36,000.00 |
| Interest        to 3/30/62 | $ | 620.00 |
| Apportionment of Real Estate Taxes (Chapter 634 of the Acts of 1953) | | |
| From     10/25/61            to 12/31/61 | $ | 646.32 |
| Total Offer | $ | 37,266.32 |

Before payment, there will be deducted from the above offer an amount sufficient to remove or discharge existing encumbrances on said parcel.

This offer is hereby made in payment for said real estate which was taken from you as the supposed owner. Provision is made at the end of this letter for you to indicate, by signing on the appropriate line, the manner in which you either accept or reject this offer. You may retain the original of this letter for your files and, after signing, return the carbon copy to this office.

If you have any question concerning this offer, please contact this office.

BOSTON REDEVELOPMENT AUTHORITY

By: *John C. Conley*

John C. Conley, General Counsel

A TRUE AND ATTESTED COPY

CONSTABLE OF BOSTON

_____, Mass.

_____, 19

I hereby accept or reject the above offer as indicated by my signature below.

Offer accepted as full settlement        _____

Offer accepted pro tanto under
Provisions of above Section 8A          _____

Offer rejected                          _____

Witness:

his attention on December 3, 1962.[3]  The petitioners did
not accept the offer and the respondent did not make a
tender or other pro tanto offer.

The petitioners contend that the offer made by the re-
spondent did not constitute a valid pro tanto offer because
it allowed interest only until March 30, 1962.  They argue
that the respondent thereby failed to comply with G. L. c. 79,
§ 8A, as appearing in St. 1959, c. 626, § 3, which provided,
at the time of the taking, that "[a] board of officers who
have made a taking under this chapter may at any time
after the right to damages for such taking has become vested
offer in writing to every person entitled to damages on
account of such taking a reasonable amount which such
board is willing to pay either in settlement under section
thirty-nine of all damages for such taking, with interest
thereon and taxable costs, if any, or as a payment pro tanto
which may be accepted and collected forthwith without
prejudice to or waiver or surrender of any right to claim
a larger sum by proceeding before an appropriate tri-
bunal . . .. At the election of the person accepting such
offer, acceptance thereof may be either in settlement as
aforesaid or as such payment pro tanto. After payment
of such offer or tender of such payment, no interest shall be
recovered, except upon such amount of damages as shall,
upon final adjudication, be in excess of the amount of such
offer . . .."  The petitioners maintain .that the interest
"being incorrectable in favor of . . . [them], once pay-
ment of such offer or tender of payment will have been
made, notwithstanding error resulting in an inadequacy of
the amount of interest . . . [i]t is inconceivable that those
entitled to damages must accept an offer supposedly made
in accordance with the . . . statute . . . which used an
arbitrary interim cut-off date to which interest has been

---

[3] He also testified that following its receipt he talked with representatives
of the respondent as to whether he "could obtain a pro tanto with interest
up to the time of the receipt of the pro tanto and of correcting the pro tanto
which was not addressed to all three of the petitioners."

The record is devoid of any further testimony relative to the foregoing.

computed . . . , with the knowledge that upon acceptance thereof not even the Court can rectify the inadequacy and award them the difference between the true interest computation and the arbitrary figure set out in such offer." We do not agree.

A payment pro tanto is merely what is implied by its name and is not a final settlement. It is a payment "[f]or so much; for as much as may be; as far as it goes." Black's Law Dictionary, 4th ed. Rev. p. 1364. The statute plainly distinguishes between a payment pro tanto and a final settlement. The purpose of a pro tanto payment is merely to prevent the accumulation of interest on the amount of the offer and to provide funds for the recipient of the offer without waiting for a final adjudication. Thirty-Third Report of the Judicial Council, Pub. Doc. No. 144 (December, 1957), 72–73.

There is nothing in the statute that requires, nor does it seem feasible to require, that interest on the amount of the pro tanto offer be included in order to make the offer valid.

The petitioners also argue that "the so-called pro tanto offer" is invalid because it "never included Cynthia Horne, one of the co-owners entitled to damages" and was "addressed to only two of the three petitioners herein, the first named petitioner having been referred to in said exhibit individually and [in] an alleged representative capacity, obviously in error."

The covering letter addressed to the attorney for the petitioners sent with the offer states that it "duplicates . . . [the] offer of March 24, 1962, addressed to the Estate of Elmer Horne." The offer was addressed in part to "Doris Horne . . . as mother and next friend of Doris Horne, a minor." One of the petitioners for assessment of damages was "Cynthia R. Horne, a minor" who brought this proceeding "through her mother and next friend Doris Horne." It seems obvious that the offer was intended for Cynthia R. Horne, as well as for the other petitioners. We are unable to conclude that a misnomer under these circumstances should render the offer invalid.

The petitioners' final contention seems to be that, even if a valid pro tanto offer had been made, the running of interest should not have been stayed because the offer was not "followed by payment or a tender thereof." They maintain that "[t]o constitute a valid tender, money must be offered to the person entitled to it." However, the statute does not purport to require the tender of money under circumstances such as those in the case at bar. G. L. c. 79, § 8A, as appearing in St. 1959, c. 626, § 3. It presupposes acceptance of the offer, either as a complete settlement or as a pro tanto payment, before requiring tender to be made. The statute does not require superfluous or futile acts to be undertaken.

The exceptions are sustained. The petitioners are entitled to have the clerk compute and add to the amount of the verdict interest at four per cent on the amount of $36,-000 from the date of the taking (October 25, 1961) to the date of the receipt of the pro tanto offer, and interest at four per cent on the difference (namely, $15,800) between the amount of $36,000 and the amount of the verdict ($51,800) from the date of the taking (October 25, 1961) to the date of the verdict (October 26, 1966). The petitioners are also entitled to have included in the damages such amount, if any, as may be due them for allocation of taxes, to be determined pursuant to G. L. c. 79, §§ 12, 35A.

*So ordered.*