Richard R. VAZZA, Plaintiff-Appellant,

v.

Bruce CAMPBELL et al.,
Defendants-Appellees.

No. 75–1111.

United States Court of Appeals,
First Circuit.

Argued June 4, 1975.

Decided Aug. 8, 1975.

---

W. P. Colin Smith, Jr., Boston, Mass., with whom Bradley, Barry & Tarlow, Boston, Mass., was on brief, for appellant.

John F. Hurley, Asst. Atty. Gen., with whom Francis X. Bellotti, Atty. Gen., and S. Stephen Rosenfeld, Asst. Atty. Gen., were on brief, for appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Appellant brought this class action to challenge the constitutionality of the Massachusetts eminent domain statutes. Injunctive relief was sought, but the district court nonetheless refused to request a three-judge court, finding that no substantial constitutional question was presented. The parties thereafter filed legal memoranda, and oral argument was held. The court then dismissed the action for failure to state a claim upon which relief can be granted, and this appeal followed.

Since no three-judge court was convened, we can affirm the dismissal of the action only if appellant's constitutional claims are "wholly insubstantial". *Goosby v. Osser,* 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). The statutory scheme requires that, within sixty days after a taking, a *pro tanto* payment of "a reasonable amount which [an appropriate board of officers] is willing to pay" be offered the landowner, pending the outcome of any judicial proceeding which may take place to finally determine the amount of damages. Mass.G.L. c. 79, § 8A. The landowner may petition in superior court for assessment of the damages to which he is entitled, *id.* § 14, and upon request the court must advance the action for hearing with as little delay as possible. *Id.* § 34.

The main thrust of appellant's attack is that the *pro tanto* offered may be substantially less than the true value of the property which is taken,* and that

---

* Appellant alleges that two appraisers estimated that the value of his property ranged from $120,000 to $160,000 and that the *pro tanto* offer made to him of $43,300 is not "a reasonable amount". "But an attack on lawless exercise of authority in a particular case is not an attack upon the constitutionality of a statute conferring the authority . . .." *Phillips v. United States,* 312 U.S. 246, 252, 61 S.Ct. 480, 484, 85 L.Ed. 800 (1940).

despite the statutory requirement that the amount offered be reasonable a landowner has no meaningful opportunity to show that it is not. Appellant claims that the ultimate judicial determination and receipt of the additional compensation due may be long delayed, and that the statutory procedures therefore deny due process. He argues that the prospect of such delay, the inadequacy of legal interest in an inflationary period, the possibility of lost special damages and the threatened hardship on dispossessed homeowners without additional resources render illusory the objective of fair compensation.

■■ This claim that a landowner is entitled to a judicial determination of the fair value of his property before losing possession of it was recently rejected in a comprehensive and thoughtful opinion by a three-judge district court. *Joiner v. City of Dallas,* 380 F.Supp. 754, 771–74 (N.D.Texas 1974). Not only is the opinion persuasive in its own right, but the Supreme Court's subsequent summary affirmance renders wholly insubstantial appellant's claim that the Constitution requires that we resolve this case differently. 419 U.S. 1042, 95 S.Ct. 614, 42 L.Ed.2d 637 (1974). We are aware, moreover, of the Supreme Court's insistent pronouncements in the past that "the taking of property for public use by a state or one of its municipalities need not be accompanied or preceded by payment, but that the requirement of just compensation is satisfied when the public faith and credit are pledged to a reasonably prompt ascertainment and payment, and there is adequate provision for enforcing the pledge." *Joslin Mfg. Co. v. City of Providence,* 262 U.S. 668, 677, 43 S.Ct. 684, 688, 67 L.Ed. 1167 (1923); *Bragg v. Weaver,* 251 U.S. 57, 62, 40 S.Ct. 62, 64 L.Ed. 135 (1919); *Sweet v. Rechel,* 159 U.S. 380, 16 S.Ct. 43, 40 L.Ed. 188 (1895). Until the Supreme Court directs otherwise, we still continue to measure eminent domain proceedings against this standard rather than against the procedural require-ments of such cases as *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), which deal with fundamentally different issues. *See Joiner,* 380 F.Supp. at 773–74.

■ Appellant also attempts the bootstrap argument that section 8A creates, apart from the ultimate right to reasonable compensation, an independent property right to a reasonable *pro tanto.* The courts of the Commonwealth have not adopted this unlikely interpretation, nor will we. "The purpose of a pro tanto payment is merely to prevent the accumulation of interest on the amount of the offer and to provide funds for the recipient of the offer without waiting for a final adjudication." *Horne v. Boston Redevelopment Authority,* 358 Mass. 460, 464, 266 N.E.2d 634, 637 (1970). "Financial benefit to the person who is entitled to damages is just about the same whether or not a pro tanto payment is made, because appropriate adjustment between the parties as to damages and interest is required, whether the ultimate assessment is more or less than the pro tanto amount." *Coach & Six Restaurant, Inc. v. Public Works Comm'n,* Mass., 296 N.E.2d 501.

Under the Massachusetts provision, G.L. c. 79, § 34, providing for expedited hearing on damages, a landowner can obtain as prompt a determination as the judicial process affords. While the Massachusetts court has declined to issue a writ of mandamus, holding that the statutory scheme provides a "complete and adequate remedy", *Coach & Six Restaurant, supra,* it is not clear to us that in a case where an egregiously low *pro tanto* offer is demonstrated to cause substantial and irreparable injury extraordinary relief might not be available. *See id.* In any event, further refinement of procedures in condemnation, such as determination of the *pro tanto* by a panel of independent assessors, is a matter for legislative judgment.

*Affirmed.*