TRUCK TERMINAL REALTY COMPANY *vs.* BOSTON
REDEVELOPMENT AUTHORITY.

Suffolk.   December 4, 1975. — January 7, 1976.

Present: QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Eminent Domain,* Interest.   *Interest.*

The owner of land taken by eminent domain was entitled to interest
on the amount of the pro tanto payment under G. L. c. 79, § 8A,
from the date of taking until the date of receipt of notice that the
payment was available; it was without consequence that during
such period there was a lease on the premises, of which the taking
authority had notice, running to a corporation of which the land-
owner was a wholly owned subsidiary.   [500-501]

PETITION filed in the Superior Court on June 10, 1968.
The case was tried before *Vallely,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Paul J. Dolan* for the defendant.

*David Berman* for the plaintiff.

BRAUCHER, J.   The plaintiff's land was taken by the de-
fendant by eminent domain, and later a pro tanto pay-
ment was made.   G. L. c. 79, § 8A.   The plaintiff claims
interest on the amount of the pro tanto payment from the
date of taking until the date it received notice that the
payment was available to it.   The defendant claims that
no interest was owed for this period because the payment
could not be made until the plaintiff obtained a release of
a lease on the premises.   A judge of the Superior Court
awarded the plaintiff the interest it claimed, and we
affirm.

The facts are stipulated. The plaintiff's right to damages vested on February 14, 1968, when the defendant's order of taking was recorded. In March, 1968, the defendant wrote to the plaintiff's counsel that pro tanto payment could not be made until a lease of the premises was released or terminated. The plaintiff was a wholly owned subsidiary of the lessee, and both were represented by the same attorney. In January, 1969, the defendant received an affidavit that the lease had been terminated, and on January 29, 1969, the plaintiff received notice that a pro tanto payment of $200,000 was available to it. The payment did not include interest from February 14, 1968, to January 29, 1969. In the plaintiff's action for the assessment of damages, the judge awarded interest on the $200,000 for that period.

There was no error. Just compensation includes interest from the date of taking to the date of payment. G. L. c. 79, § 39. *Woodworth* v. *Commonwealth,* 353 Mass. 229, 231-233 (1967), and cases cited. Under G. L. c. 79, § 8A, the taking authority may stop the running of interest by making a pro tanto payment or offer. "The purpose of a pro tanto payment is merely to prevent the accumulation of interest on the amount of the offer and to provide funds for the recipient of the offer without waiting for a final adjudication." The statute does not require "that interest on the amount of the pro tanto offer be included in order to make the offer valid." *Horne* v. *Boston Redevelopment Authority,* 358 Mass. 460, 464 (1970). In the computation of damages the owner is "entitled to have the clerk compute and add to the amount of the verdict interest . . . on the amount . . . [offered] from the date of the taking . . . to the date of the receipt of the pro tanto offer, and interest . . . on the difference . . . between the amount . . . [offered] and the amount of the verdict . . . from the date of the taking . . . to the date of the verdict . . . ." *Id.* at 465.

The defendant argues that it could not safely pay a landlord when it had notice of a lease. *Universal Con-*

*tainer Corp.* v. *Cambridge,* 361 Mass. 58, 61 (1972). That risk seems minimal when the landlord is a wholly owned subsidiary of the tenant and both are represented by the same attorney. Cf. *Lowell Housing Authority* v. *Save-Mor Furniture Stores, Inc.,* 346 Mass. 426, 430-431 (1963). The defendant could have apportioned the damages under G. L. c. 79, § 6. See *Kahler* v. *Marshfield,* 347 Mass. 514, 518 (1964). Or it could have paid the money to the clerk of the Superior Court for deposit in an interest-bearing account. G. L. c. 79, § 7D, as amended through St. 1967, c. 476, § 1. In any event, to stop the running of interest under G. L. c. 79, § 8A, the defendant must comply with the statute. Apart from the statute, it is not important to determine who caused delay in payment. *Dodge* v. *Rockport,* 199 Mass. 274, 278 (1908).

*Judgment affirmed.*