## R. H. WHITE REALTY CO., INC. *vs.* BOSTON REDEVELOPMENT AUTHORITY.

Suffolk.    November 4, 1976. — December 13, 1976.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Eminent Domain,* Damages, Interest.  *Practice, Civil,* Interest.  *Interest.*

Where a taking authority notified a landowner that a "[p]ayment of damages to parties of interest will be made at this office within sixty (60) days. You will be further notified," and, with respect to a later award, that "[p]ayment of said additional damages will be made at this office at your convenience. We will call you when payment is ready," the awards were not "payable" within the meaning of G. L. c. 79, § 37, at the time of the notifications, and interest on the awards was not tolled by them. [453-454]

In an action by a landowner against a taking authority, where the Superior Court made an award of damages to the landowner, which was appealed by the taking authority, the landowner was entitled to interest on the award from the date of the taking to the date of the verdict and interest on the total from the date of the verdict to the date of final judgment after appeal. [454-456]

PETITION filed in the Superior Court on June 14, 1967.

A motion for relief from a judgment entered after review by the Appeals Court was heard by *Ford,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*John F. Mulhern* (*George F. Mahoney* with him) for the defendant.

*George A. McLaughlin, Jr.* (*John S. Leonard* with him) for the plaintiff.

BRAUCHER, J.    The defendant challenges the computation of interest under G. L. c. 79, § 37, on damages for a land taking. The clerk of the Superior Court allowed interest from the date of taking to the date of payment

371 Mass. 452                                    453

R. H. White Realty Co., Inc. *v.* Boston Redevelopment Authority.

on amounts awarded by the taking authority. He added to the amount of the verdict, after deducting prior payments, all accrued interest, and then added interest on the resulting total from the date of verdict to the date judgment was entered. We approve his calculations, as did the Superior Court judge, and affirm the judgment.

The facts are not in dispute. The defendant recorded its order of taking of the plaintiff's property on June 1, 1966. Letters dated and mailed on June 2, 1966, and received on June 3, 1966, awarded the plaintiff $1,171,000, and that amount was paid on August 31, 1966, by the defendant's checks dated August 30, 1966. On March 4, 1969, the defendant notified the plaintiff of additional awards of $445,000, and payment of that amount was received on March 13, 1969. The plaintiff filed its petition for assessment of damages in July, 1967, and a verdict for the plaintiff in the sum of $2,850,000 was returned on December 19, 1973. The Appeals Court ordered entry of judgment on the verdict. *R.H. White Realty Co.* v. *Boston Redevelopment Authority*, 3 Mass. App. Ct. 505 (1975). On November 6, 1975, the clerk of the Superior Court entered the judgment now in question.

The defendant moved for relief from the judgment, claiming that nearly $91,000 in excess interest had been included in the judgment. A judge of the Superior Court denied the motion, the defendant appealed, and we allowed the defendant's application for direct appellate review.

1. *Effect of awards.*    The clerk allowed interest on the full amount of the verdict from the date of taking until the date of the first payment, August 31, 1966. He further allowed interest on the balance of the verdict from August 31, 1966, until March 13, 1969, the date of the second payment. The defendant claims that interest should have stopped running on the amounts awarded, not on the dates of payment, but on the dates those amounts became payable. It relies on the provision of G. L. c. 79, § 37, as appearing in St. 1964, c. 548, § 2: "... an award shall not bear interest after it is payable unless the body politic or corporate liable therefor fails upon demand to pay the

454                                    371 Mass. 452

R. H. White Realty Co., Inc. *v.* Boston Redevelopment Authority.

same to the person entitled thereto." No demand was ever made by the plaintiff.

We therefore turn to the question when the award was "payable." In its 1966 letters to the plaintiff the defendant said, "Payment of damages to parties of interest will be made at this office within sixty (60) days. You will be further notified." In its 1969 letters it said, "Payment of said additional damages will be made at this office at your convenience. We will call you when payment is ready." We think these letters are clear assertions that the awards were not yet "payable." For the purpose of calculating interest it makes no difference whether the awards are treated as made pursuant to G. L. c. 79, § 6, or pursuant to G. L. c. 79, § 8A. Cf. *Coach & Six Restaurant, Inc.* v. *Public Works Comm'n,* 363 Mass. 643, 647 (1973).

The sense of § 37 is that interest is tolled once the landowner receives notice that he is unconditionally and immediately entitled to the money. *Horne* v. *Boston Redevelopment Authority,* 358 Mass. 460, 465 (1970). Even then interest is not tolled if the landowner demands payment and the taking authority fails to pay. In such a case just compensation includes interest from the date of taking to the date of payment. *Truck Terminal Realty Co.* v. *Boston Redevelopment Authority,* 369 Mass. 499, 500 (1976).

2. *Interest on interest.* The clerk added to the amount of the verdict all interest accrued from the date of the taking. This included interest on the balance owed from March, 1969, to the date of the verdict, December 19, 1973. He then added interest on the total from that date to the date of final judgment after appeal, a period of nearly twenty-three months. The defendant contends that this allowance of interest on interest was error.

Under G. L. c. 79, § 37, as appearing in St. 1964, c. 548, § 2, damages for a land taking bear interest at six per cent. The same statute provides: "Interest shall be added by the clerk of the court to the damages expressed in a verdict...." Other statutes similarly provide for the addition of interest to the amount of a verdict, but are also silent as to the exact mode of calculation. G. L. c. 229, § 11, as

amended through St. 1975, c. 377, § 68 (wrongful death). G. L. c. 231, § 6B, as amended through St. 1974, c. 224, § 1 (personal injuries and damage to property). G. L. c. 231, § 6C, as amended through St. 1974, c. 224, § 2 (contract).

Under G. L. c. 79, § 22, judgment is to be entered and execution issued in eminent domain cases "as in actions at law." This provision brings into play G. L. c. 235, § 8, as appearing in St. 1973, c. 1114, § 219, which requires that interest "be computed upon the amount of the ... verdict ... from the time when made to the time the judgment is entered." Under the practice in 1973, judgment in this case did not enter at the time of the verdict because the defendant secured review by a bill of exceptions, which subsequently became an appeal under Mass. R. Civ. P. 1A, par. 7, 365 Mass. 731, effective July 1, 1974. See *Boston Edison Co.* v. *Tritsch,* 370 Mass. 260, 261 (1976). The judgment thus includes interest, and it is common ground that the judgment bears interest from the date of its rendition.

In this situation the Superior Court judge regarded *Nugent* v. *Boston Consol. Gas Co.,* 238 Mass. 221, 238 (1921), as controlling. In that case the court applied St. 1913, c. 290, § 1, the predecessor of G. L. c. 229, § 11, and G. L. c. 235, § 8, to a verdict for damages for wrongful death: "A verdict is first to be returned and recorded, and interest thereon is to be added by the clerk from the date of the writ to the date of the verdict, and this amount bears interest to the date of entering the judgment upon which execution issues." Cf. *Hawkes* v. *Lackey,* 207 Mass. 424, 434 (1911); *East Tenn. Land Co.* v. *Leeson,* 185 Mass. 4 (1904).

We agree with the judge below. A contrary result would have encouraged appeals lacking merit, and would deprive the plaintiff of part of the benefit of the verdict. Cf. *J.J. Struzziery Co.* v. *A.V. Taurasi Co.,* 342 Mass. 113, 115-116 (1961); *Johnson* v. *Hazen,* 333 Mass. 636, 638-639 (1956). We recognize that in *Boston Edison Co.* v. *Tritsch,* 370 Mass. 260, 266 (1976), we directed that the interest to be

added to the verdict under G. L. c. 231, § 6B, be computed as simple interest from the date of the writ to the date of judgment. Cf. *Industrial Eng'r & Metal Fabricators, Inc.* v. *Fontaine Bros.*, 2 Mass. App. Ct. 695, 698-699 (1974). But the point was not argued by the parties or discussed by the court in the *Tritsch* case, and we do not believe that decision should be taken as overruling the *Nugent* case.

*Judgment affirmed.*