**ALLAIN–LEBRETON COMPANY,**
Plaintiff-Appellant,

v.

**DEPARTMENT OF the ARMY, NEW OR-
LEANS DISTRICT, CORPS OF ENGI-
NEERS, et al., Defendants-Appellees.**

No. 80–3451
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 11, 1982.

Alex P. Allain, Jeanerette, La., J. Francois Allain, New Orleans, La., for plaintiff-appellant.

John P. Volz, U. S. Atty., Marc J. Yellin, Asst. U. S. Atty., New Orleans, La., for United States.

Thomas L. Riesenberg, Anthony C. Liotta, Anne S. Almy (Appellate Sec.), U. S. Dept. of Justice, Land & Natural Resources Div., Washington, D. C., for defendants-appellees.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

The Allain-Lebreton Company sought declaratory and injunctive relief, and damages against the Army Corps of Engineers, the Department of Interior, Fish and Wildlife Division, and the Board of Commissioners, South LaFourche Levee District. The company alleged that the decision not to locate a hurricane protection levee on certain of its lands constituted a taking of its property without just compensation. The district court dismissed the action finding no justiciable controversy. We affirm.

Pursuant to the Flood Control Act of 1965, 79 Stat. 1073, Pub.L.No. 89–298, the Levee District and the Corps entered an agreement for the construction of a hurricane flood control levee whereby the Levee District would appropriate the required easements using its power of eminent domain. The Levee District would thereafter issue construction permits to the Corps, which would then build the project. Under this agreement the Corps had responsibility for determining the location of the levee. The Allain-Lebreton Company, which owns property in the general area of the proposed project, offered a gratuitous easement for the levee on the condition that it be built over a specified portion of its land. The Corps rejected this offer, because locating the levee on lands of the company as proposed would enclose a tract of wetlands, a large portion of which is owned by the company. Instead, the Corps and Levee District proposed a location for the levee on other lands which would leave these wetlands in their natural state. The company desires to have the wetlands enclosed so that its portion of the lands may be drained and developed.

The company's complaint alleges that but for the Corps' veto power the Levee District would have accepted the company's proposed levee location; that the Corps' decision deprives them of the intended use of their property; that they must sacrifice their property to the Corps' wetland and wildlife mitigation plan; and that their liberty to contract has been unduly circumscribed. Therefore, it asserts that the Corps has assumed rights of ownership without tendering any compensation in violation of the Fifth Amendment to the United States Constitution.

The district court granted the Corps' and Levee District's motion to dismiss because as of the hearing on the motion no taking had occurred. The court held there was no justiciable controversy. The court failed to rule however on the plaintiff's allegations, raised specifically for the first time in the opposition it filed to the motion to dismiss, that the Corps' decisionmaking was subject to scrutiny under the Federal Tort Claims Act, 28 U.S.C. § 1346 and the Administrative Procedure Act, 5 U.S.C. § 702, et seq.

■■ We agree with the district court that no taking has yet occurred and that therefore no justiciable controversy exists on the record before us. We so hold, even

though we are mindful that a physical appropriation need not be the sole factor in establishing a taking. *See Penn. Central Transp. Co. v. City of New York*, 438 U.S. 104, 130–31, 98 S.Ct. 2646, 2662, 57 L.Ed.2d 631 (1978). This record demonstrates neither an intent to take, *Foster v. United States*, 607 F.2d 943, 950 (Ct.Cl.1979), nor a substantial deprivation of the use and benefits of ownership, *Donohoe Constr. Co. v. Montgomery County Council*, 567 F.2d 603, 608 (4th Cir. 1977), *cert. denied*, 438 U.S. 905, 98 S.Ct. 3123, 57 L.Ed.2d 1148; *Benenson v. United States*, 548 F.2d 939, 947 (Ct.Cl.1977). Rather, the Corps and Levee District have decided *not* to take the offered property of the company, nor to interfere with it in any way. This refusal to take has merely denied to the company certain business opportunities which it could have enjoyed if the levee had been located where the company desired. In essence, the company's complaint is that the Corps refuses to conduct its affairs so as to help the company develop its land. However, when the government leaves property alone, it is not a taking, *see De-Tom Enterprises, Inc. v. United States*, 552 F.2d 337, 339 (Ct.Cl.1977), nor does a threat to condemn amount to a taking. *NBH Land Co. v. United States*, 576 F.2d 317, 319 (Ct.Cl. 1978). The sovereign must only pay for what it takes, not an opportunity the owner loses. *Johnson v. United States*, 479 F.2d 1383, 1392–93 (Ct.Cl.1973).

■ The company's claim that the Corps' action denied it the freedom to contract with the Levee District is frivolous. Interference with contract rights generally does not give rise to a claim of taking of property. *Sun Oil Co. v. United States*, 572 F.2d 786, 818 (Ct.Cl.1978). That principle is most absolute here. Whatever promises the company made based on its desire to have the levee built where it wanted it built were undertaken solely at its own risk.

■ Finally, as mentioned *supra*, the state Levee District is the condemnor here. Where there is no physical invasion of or physical damage to a claimant's property by the United States or its authorized agents, the government can be held responsible for a fifth amendment taking only when its own regulatory activity is so extensive or intrusive as to amount to a taking. *De-Tom Enterprises, Inc. v. United States*, 552 F.2d at 339. Since no taking has occurred here, we need not determine whether the United States' involvement would have been sufficient to render it liable had there been a taking. *Compare De-Tom Enterprises, Inc. v. United States*, 552 F.2d at 339–40. (The United States is not liable when it merely convinces a county to adopt a particular regulatory scheme, assuming that those regulations amounted to a taking).

■ As to a taking by the state, just compensation is satisfied when the public faith and credit are pledged to a reasonably prompt ascertainment and payment, and there is adequate provision for enforcing the pledge. *Vazza v. Campbell*, 520 F.2d 848, 850 (1st Cir. 1975) *citing Joslin Mfg. Co. v. City of Providence*, 262 U.S. 668, 677, 43 S.Ct. 684, 688, 67 L.Ed. 1167 (1923). The company has made no allegation that Louisiana's procedures are lacking in this regard.

Having found no taking has yet occurred, there is no claim stated here under the Federal Tort Claims Act, 28 U.S.C. § 1346. Such a claim ultimately rests on the fifth amendment prohibition against taking private property for public use without just compensation. *United States v. Dickinson*, 331 U.S. 745, 748, 67 S.Ct. 1382, 1384, 91 L.Ed. 1789 (1947).

■ Assuming without deciding the claim under 5 U.S.C. § 702 was properly plead and pursued, it is likewise without merit. The decision concerning where a levee would be best located is for the agency constructing it, not a court. *United States v. 1550.4 Acres of Land in McLean County, North Dakota*, 369 F.Supp. 1078, 1080 (D.N.D.1974); *Hilliard v. Pennsylvania Game Commission*, 308 F.Supp. 756, 760 (W.D.Pa.1970), *aff'd*, 438 F.2d 92 (3d Cir. 1971). Some courts have held that the Administrative Procedure Act, 5 U.S.C. § 706

does not even apply to judicial review of condemnation proceedings, *United States v. 45,149.58 Acres in Dane County, North Carolina*, 455 F.Supp. 192, 200 (E.D.N.C.1978), while others have stated that the power of review is at most extremely limited. *United States v. 113.81 Acres of Land in Stanislous County, California*, 24 F.R.D. 368 (N.D. Cal.1959). We need not choose between these alternative approaches because even an extremely limited review satisfies us that the Corps' decision to reject the company's proposal should not be disturbed. The decision to leave the company's wetlands intact obviously reflects the weight given to the environmental importance of wetlands. This weighing is, of course, required under the Clean Water Act, 33 U.S.C. § 1251, et seq. and the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. *Zabel v. Tabb*, 430 F.2d 199, 209–214 (5th Cir. 1970).

Finding that no taking has yet occurred, and that the attack on the Corps' decision-making is without merit, we affirm the district court's dismissal of this action.

AFFIRMED.

Underwood, Wilson, Berry, Stein & Johnson, R. A. Wilson, Amarillo, Tex., for defendants-appellants.

Akin, Gump, Hauer & Feld, Edward S. Koppman, Robert E. Goodfriend, Dallas, Tex., David W. Nelson, Austin, Tex., Michael J. Madigan, Joseph T. Casey, Jr., Washington, D. C., Rader, Helge & Gerson, Ralph Helge, Pasadena, Cal., for plaintiffs-appellees.

Michael B. Kusin, Houston, Tex., for amicus curiae Nat. Jewish Com'n, etc.

Before DYER [*], SAM D. JOHNSON and WILLIAMS, Circuit Judges.