O'Toole, J.
The parties are before the court on the motion of the defendant Bull HN Information Systems, Inc. for summary judgment on both counts of the plaintiffs complaint. The controversy arises out of the refusal by Blue Cross and Blue Shield of Massachusetts, Inc. to pay nursing home charges incurred by Markus’s husband. For the following reasons the motion is allowed.
BACKGROUND
Carol Markus was employed by Bull HN from April 30,1984 until September 1989. She and her husband, Frederick Markus, were enrolled in Bull HN’s medical plan. The medical plan was self-insured; itwas funded by company and employee contributions. Blue Cross administered the plan and was charged with determining whether claimed medical expenses were covered under the medical plan. The subscriber certificate provides that benefits are not paid for care which Blue Cross determines is “custodial.” Blue Cross made the coverage determinations at issue here.
Frederick Markus was admitted to the Vernon Hall nursing home in January 1987. He remained there until his death in March 1992. During his stay he incurred charges in the amount of $118,996.35. Blue *325 Cross reviewed the care provided at Vernon Hall, determined it to be custodial in nature, and refused to authorize Bull’s payment of the charges.
Carol Markus filed the instant action in April 1991, naming only Blue Cross as defendant. Bull HN was added by an amended complaint filed October 19,1992. Blue Cross moved for summary judgment based, in part, on the ground that it had determined that Frederick Markus had received custodial care at Vernon Hall. Blue Cross’s motion was unopposed and it was allowed by the court (Cowin, J.) on April 14, 1993. The complaint was again amended in May 1993 to assert an ERISA claim and a common law claim against Bull HN. Bull HN now moves for summary judgment on both counts.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 500, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
Count I — The ERISA Claim
Blue Cross, as the administrator of Bull HN’s health benefit plan, is the only entity which may be liable to Carol Markus on her claim for benefits under the plan. Leonelli v. Pennwalt Corp., 887 F.2d 1195 (2d Cir. 1989) (only the plan, its administrators and trustees may be liable on a recovery of benefits claim). The plan administrator is the proper defendant unless the employer has controlled or influenced the administrator’s decision. Rossi v. Boston Gas Co., 833 F.Supp. 62, 67 (D.Mass. 1993). Carol Markus does not advance an argument that Bull HN controlled Blue Cross’s decision. Even if Bull HN were to be thought somehow vicariously responsible for Blue Cross’s administrative decisions, there is no evidence that the decision to deny benefits was arbitrary or capricious. McDaniel v. National Shopmen Pension Fund, 817 F.2d 1370, 1373 (9th. Cir. 1987) (ERISA plan administrator’s decision will be reversed only if it is arbitrary, capricious or made in bad faith). A decision based on a reasonable interpretation of a plan’s terms and made in good faith is not arbitrary or capricious. Id. at 1373. The question for a reviewing court is not whether the decision was correct but whether it was reasonable. Id.; Erickson v. Aetna Life Ins. Co., 777 F.Supp. 1463, 1467 (D.Minn. 1991) (not arbitrary and capricious for insurer to determine, based in part on registered nurse’s assessment, that care provided in nursing home to assist in activities of daily living was custodial). The record does not disclose facts tending to indicate that the plaintiff would be able to prove at trial that the decision that Frederick Marcus had received custodial care was arbitrary or capricious. Kourouvacilis v. General Motors Corp., supra, at 711 (the burden on the party moving for summary judgment to demonstrate that there is no genuine issue of fact may be discharged by showing there is an absence of evidence to support the non-moving party’s care).
Count II — The State-Law Claim
This claim is identical to the claim asserted against Bull HN in count III of the first amended complaint. That complaint was dismissed, pursuant to Bull HN’s unopposed motion, on April 15, 1993. The basis for Bull HN’s motion to dismiss was that ERISA preempts state law claims related to employee benefits plans. Pilot Life Ins., Co. v. Dedeaux, 481 U.S. 41, 47 (1986) (claim relates to a benefit plan if it is connected with or refers to such a plan).
Carol Markus frames this count as an estoppel claim. Thus framed, it is still preempted. Erickson v. Aetna Life Ins. Co., supra at 1469 (“ERISA preempts all state common law claims relative to employee benefit plans, including equitable estoppel”).
ORDER
It is there ORDERED that defendant’s motion for summary judgment is ALLOWED.