**The SHARP LAND CO. and Herman Wayne Sharp Jr.**

v.

**UNITED STATES of America, By and Through UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.**

Civil Action No. 96–30–B.

United States District Court, M.D. Louisiana.

July 12, 1996.

Claire P. Sharp, Metairie, LA, for Plaintiffs.

James L. Nelson, United States Attorney's Office, Middle District of Louisiana, Baton Rouge, LA and Robin M. Richardson, United States Department of Justice, Environmental & Natural Resource Division, Washington, DC, for Defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS

POLOZOLA, District Judge.

This matter is before the Court on a motion to dismiss filed by the defendants. For the reasons which follow, the motion is granted.

### FACTS AND PROCEDURAL HISTORY

The plaintiffs, Herman Wayne Sharp, Jr. and the Sharp Land Company (collectively "the Sharps"), individually own adjoining tracts of land in West Baton Rouge Parish, Louisiana. Prior to 1994, the plaintiffs conducted logging operations on these properties. However, in early 1994, the United States Army Corps of Engineers (the "Corps") issued an order requiring the Sharps to cease and desist from their logging activities. It is the Corps' position that the properties are wetlands protected by the Clean Water Act,[1] and that the Sharps' logging activities involve the unpermitted discharge of dredge and fill material into those wetlands. The Corps then referred the mat-

---

1. 33 U.S.C.A. §§ 1251–1376 (West 1986 & Supp. 1995).

ter to the Environmental Protection Agency (the "EPA"), which issued an administrative order of its own. The EPA order required the Sharps to commence restorative efforts, to apply for an after-the-fact Corps permit for the dredge and fill activities already undertaken, and to apply for a Corps permit prior to resuming further logging operations.[2] The Sharps have apparently never applied for the permits as required by the EPA.

On January 11, 1996, the Sharps filed this suit. Named as defendants are the EPA, the Corps, and various officials of both agencies. The plaintiffs claim: (1) that the defendants acted arbitrarily and capriciously in issuing the orders; (2) that the orders amount to a regulatory taking of their property; and (3) that the defendants are guilty of defamation and interference with contract. Subject matter jurisdiction is alleged under 28 U.S.C. §§ 1331, 1337, and 1346(b).

Because of the Court's concern regarding whether it had subject matter jurisdiction, the Court ordered the plaintiffs to file a memorandum in support of their contention that the Court had jurisdiction herein. The plaintiffs filed their memorandum, and in response, the defendants filed a Rule 12(b)(1) motion to dismiss. The plaintiffs timely opposed the motion by restating their arguments in support of the Court's jurisdiction. The matter is now before the Court for resolution.

## ANALYSIS

### A. Judicial Review of the Corps and EPA Orders

■ The plaintiffs' primary contention is that the Corps and EPA acted arbitrarily and capriciously in issuing the cease-and-desist and administrative orders. Accordingly, they ask the Court to declare these orders

null and void for the following reasons: (1) the properties cannot be considered "waters of the United States" within the meaning of the Clean Water Act; (2) even if the properties are subject to the provisions of the Clean Water Act, the logging operations are exempted "silviculture activities"; (3) the EPA acted improperly in requiring a single permit application for both properties; and (4) the EPA has continuously changed its position as to precisely which activities require a permit.

In support of their motion to dismiss, the defendants argue the Court has no jurisdiction over "pre-enforcement" disputes such as the issuance of cease-and-desist and administrative compliance orders. The defendants suggest that rather than file this suit, the plaintiffs should have applied for the necessary permits. If the Corps granted the applications, the plaintiffs could have lawfully continued their activities. If the Corps denied the applications, the plaintiffs would have been entitled to judicial review of the Corps' decision. Alternatively, the defendants argue the plaintiffs could have simply ignored the orders and continued with their unpermitted activities. In that situation, the EPA had several options available to it. The EPA could have assessed the plaintiffs with administrative penalties, after which the plaintiffs would have been entitled to seek judicial review.[3] The EPA could have also filed a lawsuit to enforce the orders,[4] which would have afforded the plaintiffs an opportunity to explain their position. However, the plaintiffs chose instead to file this suit, and the defendants now claim the Clean Water Act precludes judicial review of such a pre-enforcement dispute.

The Fifth Circuit has apparently never addressed this issue. However, cases from other jurisdictions have consistently held that the Clean Water Act does not allow for judicial review of pre-enforcement disputes.[5]

---

2. The EPA issued its order on October 4, 1994. Amended orders were issued on January 27, 1995, and on June 20, 1995. All three versions require the plaintiffs to undertake restorative efforts, and to apply for permits.

3. 33 U.S.C.A. § 1319(g)(8) (West Supp.1995).

4. 33 U.S.C.A. § 1319(b) (West 1986).

5. See Laguna Gatuna, Inc. v. Browner, 58 F.3d 564, 566 (10th Cir.1995), cert. denied, —— U.S. ——, 116 S.Ct. 771, 133 L.Ed.2d 724 (1996); Southern Ohio Coal Co. v. Office of Surface Mining, Reclamation, & Enforcement, 20 F.3d 1418, 1426–27 (6th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 316, 130 L.Ed.2d 278 (1994); Rueth v. United States Envtl. Protection Agency., 13 F.3d 227, 229–30 (7th Cir.1993); Southern Pines As-

Because the Court believes these decisions from other courts are correct, it adopts and follows the reasoning and legal conclusions of these cases. Therefore, the Court finds it is without subject matter jurisdiction to review the issuance of the cease-and-desist and administrative orders under the facts of this case.

The plaintiffs argue that "denial of judicial review ... unless and until [they] violate the Corps and EPA orders would deny them their due process rights under the Fifth Amendment." [6] The plaintiffs' concern is that should they choose to violate the orders, they would be exposed to penalties without the benefit of a prior hearing. As already noted, the plaintiffs are entitled to judicial review of any assessment of penalties. Since the plaintiffs have a full and fair opportunity to challenge any penalties, their due process rights are fully protected.

The Court is not unsympathetic to the plaintiffs' situation. The record suggests the EPA has changed its position several times regarding the scope of the required permits. Furthermore, the EPA ordered the plaintiffs to delay applying for the permits until the Corps performed a wetlands delineation study on the properties. That study has apparently never been completed, even though the EPA's administrative order of June 20, 1995, stated that the study was "currently being prepared." The Corps' actions and delays in this regard leave the plaintiffs in a temporary state of limbo. However, a federal court is a court of limited jurisdiction. It can only hear and decide cases that are within its subject matter jurisdiction. Under the facts of this case, this Court does not have subject matter jurisdiction to review the orders challenged herein. Therefore, this claim must be dismissed without prejudice.

### B. Regulatory Taking

The plaintiffs also contend that the actions of the Corps and the EPA amount to a regulatory taking of the properties. However, no such taking can occur until the plaintiffs apply for and are denied their permits.[7] The plaintiffs cite the syllabus accompanying *Lucas v. South Carolina Coastal Council* [8] for the proposition that a property owner's takings claim is not rendered unripe by the fact that he may yet be able to secure a permit to build or develop his property. However, it is the opinion itself, not the syllabus, that is the law of the case. Furthermore, the opinion rendered by the United States Supreme Court in *Lucas* does not support the broad proposition cited by the plaintiffs. Therefore, the Court finds the regulatory takings claim is premature and must be dismissed without prejudice.

### C. Tort Claims

The plaintiffs also charge the defendants with defamation and interference with contract. These claims are based on state law. However, the Corps and the EPA cannot be liable on these claims unless the United States has waived its sovereign immunity under the Federal Tort Claims Act (the "FTCA").[9] The FTCA specifically excludes from its provisions any claim for "libel, slander, misrepresentation, deceit, or interference with contract rights." [10] Thus, to the extent the claims of defamation and interference with contract are levied against the Corps and the EPA, they must be dismissed with prejudice. Any tort claims brought against the Corps and the EPA that are not excluded from the FTCA are dismissed without prejudice because the plaintiffs have failed to properly exhaust adminis-

*socs. v. United States*, 912 F.2d 713, 716–17 (4th Cir.1990).

6. Mem. By Pls.' in Supp. of Subject Matter Jurisdiction at 12.

7. *See MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 351, 106 S.Ct. 2561, 2567, 91 L.Ed.2d 285 (1986); *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 190–91, 105 S.Ct. 3108, 3118–19, 87

L.Ed.2d 126 (1985); *Agins v. City of Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980).

8. 505 U.S. 1003, 1003, 112 S.Ct. 2886, 2887–88, 120 L.Ed.2d 798 (1992).

9. 28 U.S.C.A. §§ 2671–2680 (West 1994).

10. 28 U.S.C.A. § 2680(h) (West 1994).

trative remedies.[11] Furthermore, the Court declines to exercise supplemental jurisdiction over the state law claims asserted against the individual defendants acting in their individual capacities. Thus, to the extent such claims are made, they are dismissed without prejudice. Any claims asserted against the individual defendants acting in their official capacities are dismissed with prejudice, because the United States, not the individuals themselves, is the proper party.[12]

Finally, the plaintiffs contend that by interfering with their attempts to buy and sell property, the defendants have taken a property right which belongs to the plaintiffs, thereby denying the plaintiffs due process of law under the Fifth Amendment. Based on these allegations, the plaintiffs assert *Bivens* [13] claims against the individual defendants. However, interference with contract rights generally does not give rise to a takings.[14] Accordingly, the plaintiffs' *Bivens* claims against the individual defendants are dismissed with prejudice for failure to state a claim upon which relief can be granted. To the extent any claims asserted by the plaintiffs fall within the Tucker Act,[15] the claims should have been filed in the United States Court of Federal Claims. Therefore, such claims are dismissed without prejudice.

Therefore:

**IT IS ORDERED** that the defendants' motion to dismiss be and it is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall have fifteen days to submit a proposed judgment in accordance with this opinion.

---

11. *See, e.g., Cook v. United States,* 978 F.2d 164, 165–66 (5th Cir.1992).

12. *See, e.g., Galvin v. Occupational Safety & Health Admin.,* 860 F.2d 181, 183 (5th Cir.1988).

13. *Bivens v. Six Unknown Named Agents of The Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

14. *Allain–Lebreton Co. v. Department of the Army,* 670 F.2d 43, 45 (5th Cir.1982).

15. 28 U.S.C.A. §§ 1346(a)(2), 1491(a)(1) (West 1993, 1994).