**MASSACHUSETTS EYE AND EAR INFIRMARY, Plaintiff,**

v.

**QLT, INC., Defendant.**

**Civ. A. No. 00–10783–WGY.**

United States District Court, D. Massachusetts.

Sept. 25, 2007.

Brian P. Biddinger, Carla E. Sereny, Christopher J. Harnett, David S. Chun, James F. Haley, Jr., Kenneth B. Herman, William H. Baker, Ropes & Gray LLP, Gerald J. Flattmann, Kirkland & Ellis, Karen Mangasarian, Fish & Neave IP Group, New York, NY, Christine M. Roach, Roach & Carpenter, P.C., Boston, MA, for Plaintiff.

Barbara A. Fiacco, Dean Richlin, Denise W. Defranco, Donald R. Ware, Gabriel M.

Helmer, Sarah E. Cooleybeck, Foley Hoag LLP, Boston, MA, Donald J. Ridings, Paul A. Ainsworth, Richard L. Rainey, Roderick R. McKelvie, Covington & Burling LLP, Washington, DC, for Defendant.

## MEMORANDUM

YOUNG, District Judge.

On July 17, 2007, this Court entered judgment for MEEI. Subsequently, QLT moved to amend the judgment to adjust the calculation of prejudgment interest [Doc. No. 653]. The Court denied that motion on September 6, 2007. That denial is the subject of this Memorandum.

MEEI filed the instant lawsuit on April 24, 2000. The jury returned its verdict on November 6, 2006. The Court did not enter judgment immediately following the verdict because it first wished to determine whether the jury verdict was binding or only advisory, a matter of vigorous dispute between the parties. On November 8, 2006, two days after the verdict, QLT noted that this Court had not entered judgment. This Court affirmed that it had not and stated its intention first to sort through the Seventh Amendment issue. QLT did not object to this course of action. Transcript of Oral Argument, November 8, 2006 [Doc. No. 599], at 4:25–5:12; 8:9–14. Subsequently, the parties requested until March 20, 2007 to complete briefing. After full consideration, this Court issued its opinion on July 10, 2007, *Massachusetts Eye and Ear Infirmary v. QLT, Inc.*, 495 F.Supp.2d 188 (D.Mass.2007) and entered judgment on July 17, 2007 [Docket No. 642].

There are two time periods relevant to the calculation of prejudgment interest. The first time period runs from April 24, 2000, the date the complaint was filed, to November 6, 2006, the date the jury returned a verdict for MEEI. The second period runs from November 6, 2006 to July 18, 2007, the date judgment entered for MEEI.

For purposes of this motion, QLT and MEEI agree that MEEI is entitled to prejudgment interest that accumulated during the first time period. This is the end of their agreement. QLT contends that for the second time period, MEEI is entitled to prejudgment interest only on the amount of the verdict. MEEI contends that it is also entitled to prejudgment interest on the prejudgment interest that accumulated during the first time period. In essence, QLT contends that this Court ought calculate simple interest while MEEI argues for compound interest.

QLT notes that Massachusetts Rule of Civil Procedure 54(f) provides that "[i]nterest accrued up to the date of entry of a judgment shall be computed by the clerk according to law." Even assuming that Rule 54(f) provides a substantive rule that governs this diversity action, it states only the clerk shall compute prejudgment interest "according to law." Massachusetts statutory and case law provide that prejudgment interest during the second time period is taken on the sum of the jury award and the prejudgment interest on that award through the date the verdict entered. Mass. Gen. Laws ch. 235, § 8; *R.H. White Realty Co., Inc. v. Boston Redevelopment Authority*, 371 Mass. 452, 454–55, 358 N.E.2d 440 (1976); *Nugent v. Boston Consol. Gas Co.*, 238 Mass. 221, 238, 130 N.E. 488 (1921); *see also* Stephen C. Fulton, *Interest on Money Damages for Periods Before and After Judgment: A Guide for the Massachusetts Practitioner*, 85 Mass. L.Rev. 146, 151–52 (2001) ("After a verdict or finding, the clerk of court is required to enter a judgment which includes the *sum of:* 1] the amount of the verdict, finding, order, or award, *plus* 2] interest on the amount of verdict, finding

or order (pre-judgment interest), *plus* 3] post verdict/pre-judgment interest on the sum of the verdict, finding, order, or award and the pre-judgment interest from the time the verdict was made to the time judgment was entered."). On the basis of this authority, this Court entered judgment compounding prejudgment interest.

QLT observes that the Reporter's notes accompanying the 1986 amendment that created Rule 54(f) cites *Boston Edison Co. v. Tritsch,* 370 Mass. 260, 346 N.E.2d 901 (1976). In that case, the Supreme Judicial Court awarded simple interest. *Id.* at 266, 346 N.E.2d 901. After *Boston Edison* was decided, however, the Supreme Judicial Court stated that *Boston Edison* should not be taken as overruling the compound interest rule. *R.H. White,* 371 Mass. at 454–55, 358 N.E.2d 440. Had Rule 54(f) been intended to work a substantive change in the law, the Reporter would have discussed *R.H. White* or otherwise made clear the intent to change the law governing prejudgment interest. This Court interprets the Reporter's silence as indicating that Rule 54(f) did not intend to work such a change in the law. More likely, the Reporter cited *Boston Edison* as an example of how *postjudgment* interest ought be calculated.

Finally, QLT points to considerable authority that under Massachusetts law, judgment enters immediately after the jury returns a verdict. *E.g.,* Mass. R. Civ. P. 58. Had judgment entered immediately, there would have been no compounding of prejudgment interest. QLT does not, however, contend that this Court ought have entered judgment immediately following the verdict. In any event, QLT had waived that argument by failing to object when this Court stated on the record its intent to delay entry of judgment until it could resolve the Seventh Amendment issue.

For these reasons, this Court DENIED QLT's motion to amend judgment [Doc. No. 653]. This Court also DENIED QLT's renewed motion for judgment as matter of law [Doc. No. 652]. This Court denied that motion for all the reasons set forth in the Memorandum and Order dated July 10, 2007 [Doc. No. 638].

SO ORDERED.