ORDER OF COURT
Pursuant to First Circuit Internal Operating Procedure X(C), Appellant Gregorio .Igartua’s petition for- rehearing en banc has also been treated as a petition for rehearing before the original panel. The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and petition for rehearing en banc be denied.
KAYATTA, Circuit Judge,
with whom HOWARD, Chief Judge, LYNCH, Circuit Judge, and BARRON, Circuit Judge join, statement on denial of rehearing en banc.
The prolonged inability of our fellow citizens to vote for certain federal officials is certainly a matter of legitimate concern. The only issue now before us, though, is whether our court should convene an en banc hearing to consider whether the plaintiffs’ claims in this action must be heard in the first instance by a three-judge court under 28 U.S.C. § 2284(a). Those urging that we do so premise their argument upon a Süggestion that our controlling precedent errs in failing to require the appointment of a three-judge court. For ■ the following reasons, we disagree.
To warrant the assignment of this lawsuit to a three-judge court, we would need to find that the complaint satisfies two criteria: (1) it commences “an action challenging the- constitutionality of the apportionment of congressional districts,” 28 U.S.C. § 2284(a); and (2) it presents “a substantial federal question,” so that the complaint is “justiciable in the federal court's.” Shapiro v. McManus, — U.S. -, 136 S.Ct. 450, 455, 193 L.Ed.2d 279 *25 (2015) (quoting Gonzalez v. Automatic Emps. Credit Union, 419 U.S. 90, 100, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974)).
Plaintiffs’ only claim that meets the first criterion is that the United States Constitution makes it unconstitutional to apportion congressional districts as the Constitution itself says to apportion them. Notably, none of our colleagues even tries to explain how the Constitution itself might conceivably prohibit that which it directs “shall be” done. To the contrary, as Judge Torruella observed, “the text of Section 2, Article I does not grant to citizens of Puerto Rico the right to vote for members of the House of Representatives.” Igartúa v. United States (Igartúa IV), 626 F.3d 592, 616 (1st Cir. 2010) (Torruella, J., concurring in part and dissenting in part) (emphasis in original). Any argument to the contrary, certainly post-Adams v. Clinton, 90 F.Supp.2d 35 (D.D.C.), aff'd, 531 U.S. 941, 121 S.Ct. 336, 148 L.Ed.2d 270 (2000), is therefore “wholly insubstantial.” Vazza v. Campbell, 520 F.2d 848, 850 (1st Cir. 1975).
Our colleagues do posit an alternative theory that: (1) the Constitution might permit Congress to make such an apportionment; and (2) the International Covenant on Civil and Political Rights (“ICCPR”), a treaty approved by the Senate, requires the apportionment of congressional representation to Puerto Rico. Such a claim, however, cannot trigger the need to assign the case to a three-judge court under § 2284(a) because it is not a challenge to the constitutionality of the current apportionment. Rather, it is a claim that the current apportionment, implemented through an act-of Congress,, see 2 U.S.C, §§ 2a-2c, is not in compliance with what is, in effect, another law approved by Congress. See Medellín v. Texas, 552 U.S. 491, 505, 128 S.Ct. 1346, 170 L.Ed.2d 190 (2008) (a treaty is “equivalent to an act of the legislature” (citation omitted)). To say that “plaintiffs’ treaty-based claim is a constitutional claim that defendants have violated the Supremacy Clause of the Constitution,” Igartúa v. Obama (Igartúa V), 842 F.3d 149, 156 (1st Cir. 2016), cannot be correct because the Supremacy Clause on its face has nothing whatsoever to do with adjudicating an asserted clash between two actions, of the United States.[1] And without the misnomer created by calling a treaty-based claim a “constitutional claim,” the predicate for convening a three-judge court to hear such a claim disappears.

. See U.S. Const, art VI ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.”).