Frank COTE et al., Plaintiffs, Appellants,

v.

Kenneth J. SEAMAN et al., Defendants, Appellees.

No. 80–1105.

United States Court of Appeals, First Circuit.

Submitted May 9, 1980.

Decided May 29, 1980.

Albert Auburn, Wellesley, Mass., on brief, for plaintiffs, appellants.

Reginald H. Howe, Steven L. Schreckinger and Palmer & Dodge, Boston, Mass., on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This is an appeal from the district court's granting of summary judgment for defendants in a case arising under 42 U.S.C. § 1983. The undisputed material facts, as established by uncontradicted elements of the pleadings, affidavits and documents, are as follows.

On April 12, 1979 plaintiffs submitted plans for the development of a parcel of land to the defendant members of the Planning Board of Dover, Massachusetts. The Board voted not to accept the plans until a private school having a possible interest in the land had consented and because "plaintiffs, at the time of said hearing, had not submitted the number of plans required under the rules and regulations of the Dover Planning Board. . . . On April 17, 1979, plaintiffs fully complied with the rules and regulations of the Dover Planning Board by filing all the required plans and documents." It is not claimed that defendants voted again or should have voted again with respect to the proposed development before plaintiffs wrote on May 15 to the Board, withdrawing the proposal:

"On May 14, 1979, the Dover Town Meeting enacted a zoning by-law change requiring a ten foot rear set back. This enactment was the result of an article sponsored by the Dover Planning Board. This zoning by-law change requiring a ten foot set back, invalidates the plans for a proposed building on the land owned by Frank R. Cote and Albert Auburn submitted on April 17, 1979, as our building plans show a four to five foot rear set back. Consequently, we, Frank

R. Cote and Albert Auburn, do hereby withdraw said plans from consideration by the Planning Board." *

It is also not alleged that, had the Board accepted the plans for filing in April, it would have approved, or been obligated to approve, the plans. Nor is it claimed that any regulation or bylaw of the town gave plaintiffs a right to approval.

It is clear from these facts that the Board's actions did not violate plaintiffs' rights to due process. The complaint, amended complaint, and other materials in the record fail to allege or establish that plaintiffs had any "property" interest in approval of their plans, a necessary prerequisite to a fourteenth amendment due process claim. *See, e. g., Burns v. Sullivan*, 619 F.2d 99, 104–105 (1st Cir. 1980); *Medina v. Rudman*, 545 F.2d 244 (1st Cir. 1976). In addition, the only vote of the Board prior to withdrawal of the plan was admittedly based in significant part on plaintiffs' failure to comply with the Board's valid regulations. Even if the private school were not in the picture, there is no suggestion that the Board would or could have voted differently on April 12. And, since it is not claimed that the Board acted or was obliged to act before the May withdrawal of the proposal, the Board did not deny any process due to plaintiffs.

*Affirmed.*

---

* A document in the record establishes that the zoning by-law change was proposed and published a month before submission of plaintiffs' development proposal. An uncontradicted affidavit of the Dover Town Counsel establishes that it was adopted in accordance with the procedural requirements of state law.