MICHAEL ROSENFELD & another[1] *vs.* BOARD OF HEALTH OF CHILMARK.

No. 88-P-931.

Middlesex.   May 9, 1989. — July 26, 1989.

Present: GREANEY, C.J., DREBEN, & WARNER, JJ.

*Municipal Corporations*, Board of health. *Declaratory Relief. Practice, Civil*, Declaratory proceeding, Relief in the nature of certiorari. *Civil Rights*, Availability of remedy.

Judicial review of the denial or grant of a variance from the provisions of 310 Code Mass. Regs. §§ 15.00 et seq. (1986), prescribing minimum requirements for the subsurface disposal of sanitary sewage, is governed by the thirty-day limitation period set forth in 310 Code Mass. Regs. § 15.25 (1986), with the result that parties denied such a variance were not entitled to obtain judicial review in a proceeding for declaratory relief, commenced more than one year after the denial. [624-626]
Relief in the nature of certiorari was not available to plaintiffs who had another remedy; furthermore, their complaint seeking such relief, filed more than one year after the complained-of decision of a municipal board, was untimely. [626]
A complaint challenging a municipal health board's denial of an application for a sewage disposal permit failed to state a claim under the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H & 11I, where no "threat, intimidation or coercion" was alleged [626-627]; further, the complaint failed to state a claim under 42 U.S.C § 1983 (1982), as the plaintiffs did not identify a Federal constitutional right of which they had been deprived [627-629].

CIVIL ACTION commenced in the Superior Court Department on March 8, 1988.

The case was heard by *Joseph S. Mitchell, Jr.*, J., on a motion to dismiss.

*Richard A. Johnston* for the plaintiffs.
*Thomas B. Bracken* for the defendant.

[1] Ernest Buff.

DREBEN, J. The plaintiffs, buyer and seller under a purchase and sale agreement of a parcel of oceanfront land on Martha's Vineyard, were denied a sewage disposal permit by the board of health of Chilmark (board). More than a year later, the plaintiffs filed a complaint seeking, among other things, declaratory relief and alleging constitutional violations by the board. The board moved to dismiss the complaint on the ground that the complaint was not timely filed. Their motion was allowed, and the plaintiffs appeal from the ensuing judgment.

The thrust of the board's argument is that, contrary to the required procedure set forth in 310 Code Mass. Regs. § 15.25 (1986),[2] the complaint was not brought within thirty days of February 5, 1987, the date of the decision of the board. The plaintiffs, on the other hand, point to 310 Code Mass. Regs. § 11.09 (1986),[3] as indicating that the regulations do not prescribe a specific method or time period for judicial review. According to the plaintiffs, the gist of their complaint is that the board discriminated against them in rejecting their permit application,[4] while granting the applications of other permit seekers similarly situated; therefore, the entire action should be governed by the three-year statute of limitations for civil rights claims. We affirm the judgment of dismissal.

We summarize, occasionally quoting, the allegations of the complaint. In October, 1981, Buff, the owner of the parcel, applied for a permit for a proposed sewage disposal system. The board's regulations (which were stricter than the provisions

_____

[2] Section 15.25 provides: "Any person aggrieved by the decision of the Board of Health or Department of Environmental Quality Engineering may seek relief therefrom within 30 days in any court of competent jurisdiction as provided by the laws of this Commonwealth."

[3] Section 11.09 provides: "Any person aggrieved by the final decision of the board of health with respect to the denial of plan approval, the denial of [sic] revocation or failure to renew a license, or with respect to any order issued under the provisions of this Code may seek relief therefrom in any court of competent jurisdiction, as provided by the laws of this Commonwealth."

[4] The permit application was filed by Rosenfeld. For purposes of this appeal, the board does not contest Buff's standing, and we do not differentiate between the two plaintiffs.

of the State Environmental Code) required a minimum distance of 200 feet between any sewage facility and a domestic well. Although Buff's proposed system was only 110 feet from an on-site well and 192 feet from an off-site well, the board waived its 200-foot requirement and granted Buff a disposal works construction permit. Buff, however, delayed development of his parcel, and the permit lapsed in October, 1982.

Approximately three years later, Buff entered into a purchase and sale agreement with Rosenfeld. In August, 1986, Rosenfeld applied for a disposal permit showing the facility located in the same area as Buff's prior application. The distance between the proposed facility and the on-site well was approximately 102 feet and the distance from the off-site well was approximately 175 feet. In support of his application, Rosenfeld submitted to the board a report from a firm of environmental scientists stating that the proposed system met all the requirements of the State Environmental Code and that the system would not have an adverse effect on the environment. The board, "despite the absence of any basis to support denial,"[5] on February 5, 1987, denied the application on the purported ground that Rosenfeld had failed to satisfy the requirements for a waiver of the 200-foot separation requirement.

Based on the foregoing allegations, the plaintiffs, in count I of their complaint, sought a declaration that the board's decision was not supported by substantial evidence and that they are entitled both to a waiver from the 200-foot separation requirement and a disposal works permit. In counts II and III, they sought relief in the nature of certiorari on the ground of

---

[5] The board's decision was attached to the complaint. Referring to "radically different" pictures given by the plaintiffs' environmental experts on two successive occasions as to the location of ground water and soil conditions, the board stated that the applicant had failed to meet his burden of showing "that waiving the rules will achieve the same degree of environmental protection as . . . applying them."

The correctness of the board's decision is not before us. For purposes of the motion to dismiss the complaint, we consider only whether "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). *Anzalone* v. *Massachusetts Bay Transp. Authy.*, 403 Mass. 119, 121 (1988).

"a substantial error of law, apparent on the record." After
alleging that an abutter and, "upon information and belief,
other property owners in the Town of Chilmark have obtained
successive renewals of . . . permits after submitting information
equivalent to or less than that provided by Rosenfeld," they
sought, in count IV, damages from the individual members of
the board because their "intentional, arbitrary, and capricious
refusal to grant Rosenfeld a . . . permit constitutes a violation
of both plaintiffs' substantive due process rights as protected
by the Massachusetts and United States Constitutions and by
G. L. c. 12, § 11I." Referring to 42 U.S.C. § 1983 (1982),
they asserted in count V that the refusal of a permit constituted
a violation of the plaintiffs' substantive due process rights
under the Federal Constitution.

1. *Claim for declaratory relief.* "When a direct and distinct
path of review is available," it is not appropriate to grant
declaratory relief in the absence of special circumstances, par-
ticularly where the action seeks to circumvent the time period
prescribed for a direct appeal. *New England Milk Dealers
Assn., Inc.,* v. *Department of Food & Agriculture,* 22 Mass.
App. Ct. 705, 709 (1986). *Goldman* v. *Planning Bd. of Bur-
lington,* 347 Mass. 320, 326 (1964). *School Comm. of Franklin*
v. *Commissioner of Educ.,* 395 Mass. 800, 807-808 (1985).
The board says 310 Code Mass. Regs. § 15.25 (1986) is such
a "direct and distinct" path of review. The plaintiffs deny its
applicability.

We turn to 310 Code Mass. Regs. §§ 11.00 et seq. (1986)
and to §§ 15.00 et seq. (1986). As authorized by G. L. c. 21A,
§ 13, these regulations were issued by the Department of En-
vironmental Quality Engineering (DEQE) as the "State En-
vironmental Code" (Code). The first part (§§ 11.00 et seq.),
appearing under the heading "General Application and Admin-
istration Environmental Code, Title 1," sets no substantive
standards. Among other things it permits local health authorities
to adopt regulations "containing requirements stricter than those
contained" in the Code (§ 11.02), provides for methods of
inspection and enforcement, for hearings, for appeals, and for

variances.[6] Title 1 also includes an appeal provision, § 11.09 set forth in note 3, *supra*. Sections 12.00-14.00 are reserved for future promulgation.

Sections 15.00 et seq. are entitled "Minimum Requirements for the Subsurface Disposal of Sanitary Sewage State Environmental Code, Title 5." Part I of Title 5 lists, under the heading "Part 1: Substantive Provisions," numerous requirements for septic tanks, leaching fields etc. and, in its preamble, recognizes that specific local conditions may require more stringent regulation to protect the public health and the environment. Under the heading "Part II Enforcement," the first section is entitled "§ 15.20 Variance," and the section permits the board of health to vary any of the provisions of Title 5.[7] Section 15.22, subtitled "General Enforcement," states that the provisions of Title 1 shall govern the enforcement of Title 5 as supplemented by the regulations which follow. Among those is § 15.25, set out in note 2, *supra*.[8]

Contrary to the plaintiffs' contention that § 15.25 applies only to appeals from orders punishing violations of Title 5, and does not apply to appeals from grants or denials of variances under that Title, we construe the provision to apply to any appeal under Title 5. The variance provisions of Title 5, which

---

[6] It appears that the variances referred to in §§ 11.11 and 11.12 are variances from the provisions of Title 1. Section 11.11 provides for variances "of any provision of this article." Section 11.12 refers to "any variance or other modification authorized to be made by this Title," thus suggesting that the word "article" in § 11.11 means "Title."

[7] Section 15.20 states that the board of health "may vary the application of any provisions of this Title. . . ." The preamble to Title 5, referred to earlier in the text, recognizes what § 11.02 explicitly states - that local boards may issue rules stricter than the Code. Because it would make no sense to allow a board of health power to vary the application of the Code, but not the application of its own regulations, or to apply a different limitation period for appeals from denials or grants of variances from the Code and for appeals from denials or grants of variances from the stricter local rules, we read the authority given to the board of health in § 15.20 to vary the application of the "provisions of this Title" to include authority to give variances from the requirements imposed by its own local regulations.

[8] Section 15.23 provides for the issuance of orders of compliance if examination reveals a failure to comply with Title 5. Section 15.24 provides for hearings.

we view as encompassing the board's regulations, see note 7, *supra*, are an integral portion of the enforcement provisions of Title 5. Even the placement of § 15.20 as the first section within the enforcement part of the Title refutes the plaintiffs' assertions. Accordingly, we hold that an appeal from the denial or the grant of a variance from the provisions of Title 5 is governed by the thirty-day limitation period of § 15.25. Since "a direct and distinct path of review" is available, declaratory relief is not. *New England Milk Dealers Assn., Inc.* v. *Department of Food & Agriculture*, 22 Mass. App. Ct. at 709. No special circumstances appearing, the dismissal of count I was proper.

2. *Action in the nature of certiorari*. Dismissal of counts II and III was correct because an action in the nature of certiorari lies only where there is no other available remedy. See *Garden Homes, Inc.* v. *District Court of Somerville*, 336 Mass. 432, 434 (1957). In any event, the counts are time barred by G. L. c. 249, § 4, as amended by St. 1986, c. 95, which requires that an action in the nature of certiorari "be commenced within sixty days next after the proceeding complained of."

3. *Claims of constitutional violations*. Assuming, without deciding, that a three-year statute of limitations applies to these claims,[9] there was no error in their dismissal as the allegations do not support a claim for relief under the State or Federal civil rights acts.[10]

To establish a claim under the Massachusetts Civil Rights Act, a plaintiff must allege and prove both that the " 'exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with,' G. L. c. 12, § 11I (inserted by

---

[9] By joining claims having a three-year limitation period with other claims having shorter periods of limitations, the plaintiffs cannot, as they argue, make applicable to every claim the statute with the longest period. Cf. *Gallant* v. *Worcester*, 383 Mass. 707, 715 (1981).

[10] Although the basis of the dismissal by the trial judge does not appear, an appellate court in sustaining a judgment of dismissal may consider any ground on which the action of the judge may be upheld. See *Doeblin* v. *Tinkham Dev. Corp.*, 7 Mass. App. Ct. 720, 722 (1979).

St. 1979, c. 801, § 1), *and . . .* that the interference or attempted interference was by 'threats, intimidation or coercion.' G. L. c. 12, §§ 11H, 11I" (emphasis added). *Appleton* v. *Hudson,* 397 Mass. 812, 817 (1986). Since the complaint fails to allege any conduct by anyone that could be considered a "threat, intimidation or coercion," it fails to state a claim under the Massachusetts Civil Rights Act.

The plaintiffs, not having identified a Federal constitutional right of which they have been deprived, have not alleged violations of their substantive due process rights sufficient to state a claim under 42 U.S.C. § 1983 (1982). To assert such a right or interest, "a necessary prerequisite to a fourteenth amendment due process claim," *Cote* v. *Seaman,* 625 F.2d 1, 2 (1st Cir. 1989), the plaintiffs must show that they have a "legitimate claim of entitlement" to the variance they seek. Cf. *Roslindale Motor Sales, Inc.* v. *Police Commr. of Boston,* 405 Mass. 79, 82 (1989). The greater the discretion given to a governmental body in issuing the permit, variance, or license, the "less likely it is that citizens have a property interest in obtaining" it. *Id.* at 83. See *RRI Realty Corp.* v. *Southampton,* 870 F.2d 911, 915 (2d Cir. 1989).

Under § 15.20 of the Code, the board may grant a variance from the board's regulations, see note 7, *supra,* when, "in its opinion (1) the enforcement thereof would do manifest injustice; and (2) the applicant has proved that the same degree of environmental protection required under this Title can be achieved without strict application of the particular provision." The Code thus gives broad discretion to the board based on the strong public interest in protecting health and the environment. When viewed in light of the degree of discretion lodged in the board, the facts alleged in the complaint do not set forth a "property" interest. See *Cote* v. *Seaman,* 625 F.2d at 2 (no "property" interest in approval by planning board of the plaintiffs' plans).

Even if, contrary to the scheme of the Code, a property interest under State law were asserted, the denial of the variance because of "arbitrary misapplication of state law" by the board does not allege the denial of the plaintiffs' procedural or sub-

stantive due process rights under the Fourteenth Amendment. See *Creative Environments, Inc.* v. *Estabrook*, 680 F.2d 822, 829, 831-832 & n.9 (1st Cir. 1981), cert. denied, 459 U.S. 989 (1982) (planning board permit); *Chiplin Enterprises, Inc.* v. *Lebanon*, 712 F.2d 1524, 1527 (lst Cir. 1983) (building permit). See also *Weimer* v. *Amen*, 870 F.2d 1400, 1405-1406 (8th Cir. 1989). "The existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment." *Parratt* v. *Taylor*, 451 U.S. 527, 542 (1981), quoting with approval *Bonner* v. *Coughlin*, 517 F.2d 1311, 1319 (7th Cir. 1975), (Stevens, J.), modified en banc, 545 F.2d 565 (1976), cert. denied, 435 U.S. 932 (1978). This is not a case where it is alleged that the State procedures themselves are fundamentally flawed or "where the defendant['s] alleged conduct is so egregious that 'it "shocks the conscience" [as in *Miga* v. *Holyoke*, 398 Mass. 343, 352-354 (1986)].'" *Temple* v. *Marlborough Div. of the Dist. Court Dept.*, 395 Mass. 117, 130-131 (1985). "[T]he ordinary state administrative proceeding involving land use or zoning does not present [a violation of a Federal constitutional right], regardless of how disappointed the license or privilege seeker may feel at being . . . turned down." *Creative Environments, Inc.* v. *Estabrook*, 680 F.2d at 832 n.9. *Chiplin Enterprises, Inc.* v. *Lebanon*, 712 F.2d at 1527, 1528. *Raskiewicz* v. *New Boston*, 754 F.2d 38, 44 n.4 (1st Cir.), cert. denied, 474 U.S. 845 (1985).

Thus, the alleged "intentional, arbitrary and capricious refusal to grant Rosenfeld a disposal permit" does not implicate the Federal Constitution and does not provide a basis for a § 1983 action. See *Creative Environments, Inc.* v. *Estabrook*, 680 F.2d at 831, 833. The claim remains "unsupported by an allegation of the deprivation of a specific constitutional right" and "simply raises a matter of local concern," a matter fully reviewable under State law. *Chiplin Enterprises, Inc.* v. *Lebanon*, 712 F.2d at 1527-1528. Compare *Miller* v. *Hull*, 878 F.2d 523, 529-530 (1st Cir. 1989). The additional allegation

that others similarly situated obtained permits is not, without more, a denial of the equal protection of the laws. Allegations of clear and intentional discrimination are required. See *Snowden* v. *Hughes*, 321 U.S. 1, 8 (1944).

In sum, the dismissal of the complaint for failure to state a claim for relief was proper.

*Judgment affirmed.*