Lauriat, J.
Plaintiffs, Anupam Sachdev and Aruna Sachdev (collectively, “the Sachdevs”) brought this action pursuant to 42 U.S.C. §1983 (“§1983”) to recover damages for alleged violations of their civil rights by the defendant, Mark S. Good (“Good”). The defendant has moved for summary judgment on the grounds that the complaint fails to establish a violation of a protected right and that the defendant’s actions are protected by the doctrine of qualified immunity. For the reasons which follow, the defendant’s motion for summary judgment is allowed.
BACKGROUND
For the purposes of this motion, the following facts are undisputed.
On or about October 7, 1991, the Town of Weston took tax title to property identified as “O Black Burn-ian Road, Weston, Assessors Map 6, Lot 73, as 62 Black Burnian Road.” The taking was recorded on November 6, 1991, in the Middlesex Southern District Registry of Deeds. In June of 1992, the Sachdevs agreed to purchase the subject property. On June 30, 1992, the Town of Weston issued a Certificate of Municipal Liens to Shocket & Dockser, the law firm representing the intended purchase-money lender. On July 27, 1992, the Sachdevs obtained a computer print-out of the Tax Title Account for the subject property from the Office of the Treasurer, which showed a total amount of $6,758.29 due in taxes.
On or about July 28, 1992, the then owner of the property, Warbler Springs Estates, Inc. (“Warbler Springs”) presented a check to Good in the amount of $6,758.29 in full payment of the tax obligation. Good placed the check in his cash drawer and gave the Warbler Springs representative a tax receipt indicating that the check had been received. At the closing of the sale of the property to the Sachdevs on July 30, 1992, Warbler Springs tendered the tax receipt along with the deed. The Sachdevs thereupon took title to the property.
On November 19, 1992, Good notified the Sachdevs of their obligation to pay outstanding taxes on the property. On December 2, 1992, Good informed the Sachdevs that he had misplaced the Warbler Springs check in the drawer and that, when he found the check ten weeks later and deposited it, the check was dishonored.[1] Good refused to issue an Instrument of Redemption until all outstanding taxes, interest, and charges had been paid in full as required by G.L.c. 60, §62.
The Sachdevs allege that they were required to apply with several construction lenders before obtaining a loan in July of 1993, due to Good’s refusal to issue an Instrument of Redemption on the properly. The Sachdevs further allege that, before obtaining a loan, they were forced to use funds obtained through a home equity line of credit on their Newton house in order to begin construction on their Weston home.
On September 9, 1993, Warbler Springs proffered a second check to Good in full satisfaction of the outstanding tax title on the property. Good then issued an Instrument of Redemption and recorded the Instrument on October 22,1993. The Sachdevs contend that Good’s actions deprived the Sachdevs of their rights, privileges and immunities secured by the Constitution and laws of the United States.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 500, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure *580 of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
Section Í983 creates no substantive rights. Rather, §1983 authorizes a cause of action based on the deprivation of civil rights guaranteed by other legislative acts. Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617-18 (1978). The Sachdevs contend that the mandatory requirements of G.L.c. 60, §22A and G.L.c. 60, §62 create a right to receive an Instrument of Redemption upon the payment of taxes. The Sachdevs assert that Good failed to comply with G.L.c. 60, §22A and G.L.c. 60, §62, and that his failure to comply constitutes a violation of the Sachdevs’ civil rights. The Sachdevs principally rely on Hewitt v. Helms, 459 U.S. 460 (1982).
In Hewitt, the United States Supreme Court held that the Pennsylvania statutes and regulations setting forth the procedures for confining an inmate to administrative segregation afforded an inmate a protected liberty interest in remaining in the general prison population. Hewitt, supra at 466-72. The Court explained that the adoption of procedural guidelines, without more, did not create a protected liberty interest. Id. at 471. However, because Pennsylvania “used language of an unmistakably mandatory character, requiring that certain procedures ‘shall,’ ‘will,’ or ‘must’ be employed . . . the State meant to create binding requirements.” Id. at 471-72.
General Laws c. 60 §22A states in relevant part,
The collector shall give a receipt in full for any such full payment and a partial receipt for any such partial payment. Any such payment in full shall discharge the tax lien upon such parcel for the taxes of the year in which such tax was assessed . . .[2]
General Laws, c. 60 §62 states in relevant part,
Any person having an interest in land taken or sold for nonpayment of taxes . . . may redeem the same by paying or tendering to the treasurer the amount of the tax title account of the land being redeemed, and interest at sixteen per cent upon the original sum . . . together with all charges lawfully added to the tax title account. . .
The court need not emphasize the obvious distinction between the “liberty interest” in not being segregated from the general prison population in Hewitt and the “property interest” in receiving an Instrument of Redemption presently alleged by the Sachdevs. However, for the purposes of this motion, the court will assume that the receipt of an Instrument of Redemption is a “properiy interest” deserving of constitutional protection. To assert a right or interest sufficient to state a claim under 42 U.S.C. §1983, the plaintiffs must show that they had “a legitimate claim of entitlement” to the Instrument of Redemption. Cote v. Seaman, 625 F.2d 1, 2 (1st Cir. 1989). However, G.L.c. 60, §62 plainly does not require the issuance of an Instrument of Redemption until the tax title account is redeemed. Although Warbler Springs’ check was only dishonored because Good misplaced the check for ten weeks, §62 does not provide any limitations on a Treasurer’s ability to withhold an Instrument of Redemption until all tax obligations are satisfied, regardless of who is ultimately liable for payment. The record establishes that Good issued and recorded an Instrument of Redemption shortly after Warbler Springs proffered the second check. Thus, the court concludes that the Sachdevs have not asserted the deprivation of an entitlement, under G.L.c. 60 §22A and G.L.c. 60, §62, which would state a claim for relief under 42 U.S.C. §1983.
The Sachdevs further assert that Good’s failure to issue an Instrument of Redemption interfered with their use and enjoyment of the property and constituted a “taking” without just compensation. In Connolly v. Pension Benefit Guaranty Corp., 475 U.S. 211 (1986), the United States Supreme Court indicated three factors which are of particular importance in determining whether government activity constitutes a taking of property:
(1) the economic impact of the activity;
(2) the extent to which the activity has interfered with distinct investment-backed expectations; and
(3) the character of the government action.
Id. at 225, citing Penn Central Transportation Co. v. New York, 438 U.S. 104, 124 (1978).
The only injury alleged by Good’s refusal to issue the Instrument of Redemption upon the demand of the Sachdevs is their heightened difficuliy in securing a loan. The Sachdevs allege actual damages in the amount of only $910. Good’s actions were not willful or egregious, the economic impact of Good’s actions on the properiy was de minimus, and the increased hardship of securing a loan did not seriously interfere with the Sachdevs’ reasonable investment-backed expectations. Therefore, Good’s refusal to issue an Instrument of Redemption prior to Warbler Springs’ payment of the taxes does not constitute a “taking" of the Sachdevs’ property. See Flynn v. City of Cambridge, 383 Mass. 152, 1601-61 (1981) (use restrictions which diminish value of property do not alone establish a taking) citing Pennsylvania Coal Co. v. Mahon, 290 U.S. 393, 413 (1922). The court thus concludes that the Sachdevs have not alleged the violation of a protected right which would establish a civil rights claim pursuant to 42 U.S.C. §1983.[3]
ORDER
For the foregoing reasons, the Defendant’s Motion for Summary Judgment is ALLOWED .

 Good told the Sachdevs that the F.D.I.C. had obtained an injunction against Warbler Springs’ account and Good was *581 making an attempt to obtain the release of those funds in order to satisfy the tax obligations.

 At oral argument, the Sachdevs contended that Good violated §22A by giving Warbler Springs a receipt before the check had cleared. A plain reading of §22A does not appear to require such a procedure.

 As the court noted at oral argument on this motion, it seems unconscionable that the parties were required to engage counsel and pursue this matter in the Superior Court when the defendant bore at least some blame for misplacing the check and where, in any event, the amount in controversy was only $910. The parties, with or without attorneys, should have settled this case long ago.