Gershengorn, J.
Plaintiffs filed suit against defendants Martha’s Vineyard Commission (“MVC”), and several individual commissioners (“the Commissioners”), after defendants denied plaintiffs’ proposed development on property they own on Martha’s Vineyard. In the Fifteenth Count of the First Amended Complaint, plaintiffs allege that in denying the development, the Commissioners acted arbitrarily, capriciously, and in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983. The Commissioners have moved to dismiss the Fifteenth Count of the First Amended Complaint pursuant to Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.
FACTS
There is little utility in restating all 62 pages and 143 paragraphs of the factual allegations of the First Amended Complaint. For the purposes of this motion, the court has taken plaintiffs’ factual allegations as true and incorporates them by reference.
DISCUSSION
I. Legal Standard
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations in the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theoiy of law. Whitinsville Plaza v. Kotseas, 378 Mass. 85, 89 (1979).
II. Fourteenth Amendment and 42 U.S.C.
§1983
Plaintiffs allege that the Commissioners “knowingly, willfully and maliciously abused their authority and engaged in what amounted to a charade aimed at denying the Plaintiffs of their right to develop their property located in the Town of Edgartown on Martha’s Vineyard.” They claim that in so acting, the Commissioners violated their Fourteenth Amendment substantive due process rights and 42 U.S.C. §1983, entitling plaintiffs to monetary damages.
The Commissioners argue that plaintiffs’ claim is a “garden variety” planning dispute. They allege that plaintiffs’ claim will, “if credited, result in transforming all local planning board decisions into federal constitutional cases.”
In order to state a claim for relief under §1983 for a substantive due process violation, plaintiffs must first show that they have a property interest in the approval they seek.[4] Rosenfeld v. Board of Health of Chilmark, 27 Mass.App.Ct. 621, 627 (1989). Plaintiffs may make such a showing by demonstrating that they have a legitimate claim of entitlement to the sought after approval. See id. at 627. Plaintiffs’ likelihood of having a property interest in their proposed development is inversely proportional to the degree of discretion granted the approving authority. Roslindale Motor Sales, Inc. v. Police Comm’r of Boston, 405 Mass. 79, 83 (1989); Rosenfeld, supra at 627. See RRI Realty Corp. v. Southampton, 870 F.2d 911, 915 (2nd Cir. 1989); O’Neill v. Town of Nantucket, 545 F.Supp. 449, 452 (D.Mass. 1989). At this stage of the proceedings, the court accepts as true plaintiffs’ allegation that they have a legally cognizable property interest in the proposed development.
Plaintiffs make three arguments in support of their substantive due process claim and §1983 claims. They allege: (1) that the Commissioners intentionally and arbitrarily denied their development without any rational basis, and did so by applying an unwritten extra-large lot defacto zoning policy; (2) the Commissioners arbitrarily applied other written but vague and inconsistent policies as a pretext to deny plaintiffs proposed development plan; and (3) the Commissioners arbitrarily imposed or threatened to impose illegal exactions on plaintiffs.
While not turning a deaf ear on plaintiffs’ cries of foul, the court is persuaded that plaintiffs’ claims fall short of establishing a substantive due process violation.[5] In so ruling, the court follows the direction of the Appeals Court in Rosenfeld, supra, which is to date the only Massachusetts appellate decision to squarely address a §1983 substantive due process claim.
In Rosenfeld, the Board of Health of Chilmark denied the plaintiff a sewage disposal permit notwithstanding a report from a firm of environmental scientists stating that the proposed system fully complied *134 with the State Environmental Code and would not have an adverse impact on the environment. The board denied the permit application because the proposed system was within 200 feet of two domestic wells, even though it had waived the 200-foot requirement for the prior owner of the property. The plaintiff filed suit alleging, among other things, a substantive due process violation based on arbitrary and capricious administrative action.
The court first ruled that because the permit granting authority had considerable discretion in deciding whether to grant the permit, the plaintiff did not have a property right in the permit. The court also ruled that even if the plaintiff had asserted a property interest under state law, he did not suffer a substantive due process violation. In so ruling, the court relied on well established First Circuit precedent which has repeatedly and steadfastly held that rejections of development projects do not ordinarily implicate substantive due process. See Licari v. Ferruzzi, 22 F.3d 344, 349-50 (1st Cir. 1994); Rumford Pharmacy v. City of East Providence, 970 F.2d 996, 1000 n. 8 (1st Cir. 1992); Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992); PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 31-32 (1st Cir. 1991); Amsden, supra at 757-58; Chongris v. Board of Appeals of the Town of Andover, 811 F.2d 36, 42-43 (1st Cir. 1987); Raskiewicz v. New Boston, 754 F.2d 38, 44 n. 4 (1st Cir. 1985); Chiplin Enterprises v. City of Lebanon, 712 F.2d 1524, 1528 (1st Cir. 1983); Roy v. City of Augusta, Maine, 712 F.2d 1517, 1523 (1st Cir. 1983); Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 831-34 (1st Cir.), cert, denied, 459 U.S. 989 (1982).
In viewing substantive due process claims with particular skepticism, the First Circuit has noted that “(s)ubstantive due process, as a theory for constitutional redress, has in the past fifty years been disfavored, in part because of its virtually standardless reach.” Nestor Colon, supra at 45. Substantive due process claims stemming from land disputes are not barred per se in the First Circuit, Nestor Colon, supra at 45, but “the threshold for establishing the requisite ‘abuse of government power’ ” is extremely high. Id. This high threshold may be attained where, for example, the alleged conduct is tainted with fundamental procedural irregularity, racial animus, or the like, or is so egregious that it shocks the conscience, runs counter to the concept of ordered liberty, demonstrates oppressive abuse of government power, or is legally irrational in that it is not sufficiently keyed to any legitimate state interest. See Licari, supra, and cases cited.
Based on the restrictive manner in which land disputes have been viewed through the substantive due process lens, the court must conclude that plaintiffs’ allegations are insufficient to state a claim for federal constitutional relief. Massachusetts law is fully equipped to provide plaintiffs with any remedy to which they may ultimately be entitled. “[T]he ordinary state administrative proceeding involving land use or zoning does not present [a violation of a federal constitutional right], regardless of how disappointed the license or privilege seeker may feel at being . .. turned down.” Rosenfeld, supra at 628, quoting Creative Environments, supra at 832 n. 9 (1982). See Miller v. Town of Hull, Mass., 878 F.2d 523, 529 (1st Cir. 1989) (in interpreting Creative Environments, court stated: “We held that such claims, [disputes between developers and local planning boards,] do not state a due process violation”). Cf. Miga v. Holyoke, 398 Mass. 343, 341 (1986) (viewing substantive due process in light of the Eighth Amendment, court stated: ’’The failure of both defendants to follow department rules relating to the care and monitoring of unconscious, intoxicated, and suicidal persons in their custody when faced with an obviously intoxicated and unconscious person, defendant Dudek’s profane and racially insulting verbal response to the efforts of other prisoners to summon help when Sandra was making preparations to hang herself, and Dudek’s blatant disregard of the warnings of other prisoners, certainly rise to the level of a constitutional violation”).
Plaintiffs’ allegation of a de facto, extra large lot zoning policy, even if true, is insufficient under First Circuit precedent to make out a substantive due process claim warranting §1983 relief against the Commissioners in their individual capacities. See Licari, supra at 349-50. To the extent that Parker v. Leon City, 1992 U.S. Dist. LEXIS 20723 (N.D Florida, Tallahassee Div. 1992), permits substantive due process claims on a lesser standard than the First Circuit, this court declines to follow suit.
Plaintiffs’ exactions claim is equally unavailing under the controlling precedent. See Rosenfeld, supra at 628; Creative Environments, supra at 831-34. Plaintiffs’ reliance on Dolan v. City of Tigard, 512 U.S. _, 129 L.Ed.2d 304 (1994), is misplaced. Plaintiffs have not alleged a Fifth Amendment taking in the Fifteenth Count of the First Amended Complaint. That allegation appears in the Seventeenth Count, and is directed only at the MVC, not the individual Commissioners.
Plaintiffs’ vagueness challenge must also fail. The court notes the uniqueness of this claim — not that the MVC Act and regulations are vague in and of themselves, but in concert. It is true that vague laws or ordinances may violate the Constitution. See Board of Appeals of Hanover v. Housing Appeals Committee, 363 Mass. 339, 363-64; O’Connell v. Brockton Bd. of Appeals, 344 Mass. 208, 212 (1962); Fogelman v. Chatham, 15 Mass.App.Ct. 585, 588 (1983). It does not follow however that the officials charged with enforcing laws or ordinances have themselves violated the Constitution if those laws or ordinances are later determined to be unconstitutionally vague. A vague *135 ness challenge is ordinarily directed at the statute or regulation in question,[6] not at the individuals responsible for enforcing that statute or regulation. See Amsden, supra at 754 (“[W]e are satisfied that, before a constitutional infringement occurs, state action must in and of itself be egregiously unacceptable, outrageous, or conscience-shocking”) (emphasis in original).
This case involves a land planning dispute. While plaintiffs have placed much emphasis on the size, significance and already incurred costs of their proposed development, constitutional rights do not vary with the magnitude of the undertaking. Moreover, while “[e]very appeal by a disappointed developer from an adverse ruling by a local Massachusetts planning board necessarily involves some claim that the board exceeded, abused or ‘distorted’ its legal authority in some manner, often for some allegedly perverse (from the developer’s point of view) reason!,]” there must be something more to attain constitutional magnitude. Creative Environments, supra at 833. (emphasis in original). The facts of this case fall short of the mark.[7]
Plaintiffs take issue with the manner in which the First Circuit has traditionally dealt with arbitrary and capricious substantive due process challenges in land planning disputes. They allege that the First Circuit has virtually written “arbitrary and capricious” challenges out of the Fourteenth Amendment, thereby violating Supreme Court precedent. See Nectow v. City of Cambridge, 277 U.S. 183,187 (1928); Euclid v. Ambler Realty Co., 272 U.S. 365, 373 (1926). This court disagrees.
It is true that the “shocks the conscience” standard is most easily applied to those cases involving excessive force, see Pearson v. City of Grand Blanc, 961 F.2d 1211, 1217 (6th Cir. 1992); Cassady v. Tackett, 938 F.2d 693, 698 (1st Cir. 1991); Braley v. City of Pontiac, 906 F.2d 220, 226 (6th Cir. 1990), but that standard does have utility when, as here, the court is called upon to judge the conduct of individual government officials. It is not enough to allege arbitrary and capricious behavior; “opprobrious epithets of malice” are common in these types of cases. Creative Environments, supra at 830. Even bad faith violations of state law do not necessarily implicate the Constitution. See Commonwealth v. Trumble, 396 Mass. 81, 97 (1985) (Abrams, J., concurring); Roy, supraat 1523; Creative Environments, supra at 833. It is apparent that the First Circuit will consider conduct to be arbitrary and capricious only if that conduct is extremely egregious or conscious shocking.[8] As discussed earlier, the First Circuit has not laid down a wholesale bar on arbitrary and capricious substantive due process claims in land planning disputes. See Nestor Colon, supra at 45. Moreover, although the Supreme Court has recognized the appropriateness of reviewing local zoning decisions on arbitrary and capricious substantive due process grounds, “it has never laid down definitive standards of review.” Pearson, supraat 1217.
Relying on Creative Environments, plaintiffs also claim that the Commissioners’ alleged conduct constituted fundamental procedural irregularity. They are incorrect — this allegation is merely an arbitrary and capricious claim couched in procedural due process terms. Plaintiffs have not alleged a procedural due process violation, and admittedly do not have one.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Commissioners’ Motion to Dismiss the Fifteenth Count of the First Amended Complaint be ALLOWED.

Contrary to plaintiffs’ assertion, the Commissioners have not conceded that plaintiffs have a property interest.

A substantive due process inquiry focuses on “what” the government did, rather than how and when the government did it. Amsden v. Moran, 904 F.2d 748, 754 (1st Cir. 1990).

Plaintiffs have included such challenges in other counts of the First Amended Complaint.

In light of this ruling, the court does not consider whether the Commissioners would be entitled to qualified immunity had the plaintiffs made out a substantive due process violation.

Indeed, considering the forgiving eye with which zoning regulations are viewed, i.e., rational-basis scrutiny, there is merit to taking a restrictive view of substantive due process/§1983 damage claims asserted against government officials in their individual capacities — essentially the flip side of the same coin.